Matthias, J.
 

 The demurrer to the petition presents the following legal question: Is the director of highways authorized by law to enter into a contract with a firm of consulting professional engineers whereby it uses the services of its organization to prepare contract plans, supplemental specifications and estimates for the reconstruction of parts of the state highway system?
 

 Both parties concede that the determination of this question requires the interpretation of Section 1178-17, G-eneral Code, as in effect at the time of tile execution of the contract. This section then read, and now reads, as follows:
 

 
 *143
 
 “The director also may employ such assistants as are necessary to prepare plans and surveys. Compensation paid for the preparation of plans, surveys and specifications shall he regarded as a part of the cost and expense of the improvement for which they were made and the cost thereof shall be paid from funds set aside for such improvement.
 

 “The director also may appoint additional clerks and stenographers, and such other engineers, inspectors and other employees within the limits of the appropriation as he may deem necessary to fully carry out the provisions of this act. All employees and appointees hereinbefore mentioned in this act shall, in addition to their salaries, receive their actual necessary traveling expenses when on official business.”
 

 It is urged by the relator that the authority granted to the director to “employ such assistants as are necessary to prepare plans and surveys” empowers him to enter into the contract in question; and that the second paragraph of Section 1178-17, General Code, authorizing the director of highways “to appoint additional clerks and stenographers,
 
 and such other engineers,
 
 inspectors and other employees within the limits of the appropriation as he may deem necessary to carry out the provisions of this act” (italics ours), shows that within the meaning of the words, “such assistants,” are included professional engineers like the relator. Further, relator contends that Section 486-75, General Code, which is part of the law making a general revision of state salaries and classification of state employees, recognizes this authority by expressly exempting from the uniform provisions thereof “the compensation of professional persons who may be employed temporarily for work of a casual nature or for work on a project basis.”
 

 The respondent contends that since the director of highways is not a constitutional office but one created
 
 *144
 
 by the General Assembly the director has only those powers which are expressly conferred upon him by the General Assembly or which may be necessarily implied from the powers so expressly conferred; that there is no statutory provision expressly authorizing the director of highways to enter into a contract with a private engineering firm for consulting services or engineering services in preparation of contract plans, supplemental specifications and estimates for the construction of a state highway; and that the director of highways has no implied authority to enter into such contracts for the reason that the General Assembly has prescribed the assistants he may employ and determined the manner in which they shall be paid.
 

 In this proceeding it is incumbent on the relator to establish its right to a writ of mandamus.
 

 Section 12283, General Code, defines mandamus as follows:
 

 ‘ ‘ Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
 

 It is, therefore, fundamental that the act must be one which the law specially enjoins as a duty resulting from an office, trust, or station, or, as has sometimes been stated, the duty, performance of which is to be enforced, must be a mandatory duty. Although it is not essential that the duty be express, unless the law creates such a duty, the courts cannot be called upon, first, to create the duty, and, second, to compel its performance. 25 Ohio Jurisprudence, 995, Section 23.
 

 The provisions of the statutes relating to the state highway department are-found in Chapter 18 of Title 3 of Part First of the General Code, beginning with Section 1178 and extending through Section 1185-24. The first provisions in this chapter relate primarily to
 
 *145
 
 the offices of the state highway director and his deputy directors.
 

 Section 1178-1, General Code, provides for the appointment of a state highway director who “shall be a competent registered professional civil engineer,” who holds office at the pleasure of the Governor and who is salaried and bonded. Section 1178-11, General Code, provides for the appointment of a “first assistant director” who likewise must be a registered civil engineer, serves during the pleasure of the director, receives a salary, and is bonded. Section 1178-12, General Code, provides for four “deputy directors” who must be registered civil engineers, are salaried, bonded and serve at the pleasure of the director. Section 1178-13, General Code, provides that the state shall be divided into not more than 15 districts each of which may have a “division deputy director” who shall be a registered civil engineer, salaried, bonded and serving at the pleasure of the director. Section 1178-14, General Code, divides the state into 88 districts each of which may have a “resident deputy director” who shall be a registered civil engineer, salaried, bonded and serving at the pleasure of the director.
 

 Further, under the provisions of Sections 1178-13 and 1178-14, General Code, the director is authorized to establish, equip and staff an office in each division or resident district for the use of the deputy directors.
 

 In addition to these supervisory engineers, Section 1178-17, General Code, authorizes the director to employ “such assistants as are necessary to prepare plans and surveys.” From a consideration of all cognate sections relating to the employment of engineers in the highway department it is difficult to see any material difference between the assistants authorized under Section 1178-17 and those provided for in Sections 1178-11 to 1178-14, inclusive, General Code,
 
 supra.
 

 The general principle of construction, that the spe
 
 *146
 
 cification of one thing implies the exclusion of another, or the maxim, ‘ ‘
 
 expressio unius est exclusio alterius,
 
 ’ ’ is applicable to these sections. It is peculiarly applicable to these statutes because the qualifications of the officers and their duties are established with certainty, and the performance of these functions in any other manner is not within the purview and scope of these statutes.
 

 The word, “assistants,” is defined in 4 Words and Phrases (Perm. Ed.), 553, by the citation of excerpts from many cases. In none of those definitions is any meaning ascribed other than the usual definition that an “assistant” is one who aids, helps or assists. In none of the cases from which the excerpts set forth were taken, with one possible exception, was the assistant in question a limited partnership or other organization, as in the instant case.. This court also has defined the word, “assistant,” in the case of
 
 State, ex rel. Myers,
 
 v.
 
 Blake, Dir.,
 
 121 Ohio St., 511, 169 N. E., 599, as follows: “The subordinate of one in an official position is necessarily an assistant, looking towards the accomplishment of the common object.”
 

 In the case of
 
 State, ex rel. Neffner,
 
 v.
 
 Hummel, Secy. of State,
 
 142 Ohio St., 324, 51 N. E. (2d), 900, this court in discussing the meaning of the word, “assistants,” used the following language which defines that term:
 

 “Paraphrasing the language used in the
 
 Blake case, supra,
 
 the statistician and editor in the office of the Secretary of State is an ‘assistant’ to the head of the department, as an agent through whom the duties and purposes of the department are accomplished.”
 

 In the case of
 
 State, ex rel. City of Cincinnati,
 
 v.
 
 Urner, Aud.,
 
 147 Ohio St., 305, 70 N. E. (2d), 881, this court adopted the usual definition of that word by quoting from Webster’s New International Dictionary (2 Ed.) as follows:
 

 
 *147
 
 “Assistant * * *. One who assists; helper * * *. A means of help; an auxiliary * * V’
 

 As a general rule words of a statute in common use and other than the terms of art or science will be construed in their ordinary acceptation and significance and with the meaning commonly attributed to them. Indeed, the intention of the General Assembly to use statutory phraseology in such manner is presumed. 37 Ohio Jurisprudence, 542, Section 288.
 

 As is disclosed by the terms of the contract, all professional engineers engaged in the planning and surveying of these three projects are employees of the relator and not assistants to the director of highways. The director’s function in the planning of these projects is recognized to be only the approval of the surveys and proposals as finally completed by the engineers'and employees of the relator. Such a situation is not consistent with the statutory provisions authorizing an officer to employ assistants and requiring such officers to be responsible for the performance of their duties under the penalty of a bond. A provision in the contract that the relator will save the state harmless from acts of relator’s employees is not a reasonable substitute for the responsibility imposed by law on the director of highways to prepare plans and surveys for highway improvements.
 

 It is contended that there is an inference that the director of highways has authority to employ persons, firms or corporations to make surveys, because of the following language in Section 1178-33, General Code:
 

 “In the execution of any survey authorized by the director any
 
 person, firm or corporation,
 
 without doing unnecessary injury thereto, may enter upon any lands within the state for the purpose of inspecting, surveying, leveling or doing any work deemed necessary to carry out the provisions of this act. If the person, firm or corporation, whose premises are entered upon
 
 *148
 
 for the purpose aforesaid, makes any claim for compensation or damages, for injury thereto, and the parties cannot agree as to the amount to be paid for such compensation or damages, either party may petition the Probate Court of the county in which such land is situated, and the court shall appoint a time for a preliminary hearing in such petition, and shall notify the parties interested, and he shall fix a time for hearing of the matter in controversy, and the court may view the premises if he sees fit, and shall hear evidence relating thereto, and shall assess such compensation or damages, if any, as the court deems just.” (Emphasis supplied.)
 

 It is to be noted that by this section, although the protection is extended to persons, firms or corporations, the work, in the performance of which they are authorized to enter upon lands of others, consists of “inspecting, surveying, leveling or doing any work deemed necessary to carry out the provisions of this act,” some of which is beyond the scope of surveys. In contrast to inferences in that section, attention is called to Section 1178-5, General Code, wherein the director is authorized to remove snow and ice from state highways and is “authorized to purchase the necessary equipment including snow fences,
 
 employ
 
 the necessary labor and
 
 mahe all contracts
 
 in his judgment necessary to carry out the provisions of this section.” (Emphasis supplied.)
 

 Although not controlling, some importance may properly be given to the General Assembly’s refusal to adopt a proposed amendment of Section 1178-17, General Code, to specifically authorize the director of highways to enter into contracts of the nature of the one involved herein. Amended Senate Bill No. 27, 96th General Assembly, and House Bill No. 378, 97th General Assembly, proposing to authorize the director of highways to contract for the preparation of high
 
 *149
 
 way plans and specifications in each instance failed of enactment, and, although other inferences may properly be drawn from this fact, it seems reasonable that the purpose of these proposed enactments was to clearly establish the authority now sought to be exercised without express authorization by legislation.
 

 We hold, therefore, that the word, “assistants,” as used in Section 1178-17, General Code, was used by the General Assembly in its ordinary sense and does not include the employment of a firm on a contract basis to carry out the preparation of plans and surveys for the highways of this state.
 

 There being an absence of either express or implied authority to enter into the contract involved herein, no mandatory duty on the part of the respondent to approve the voucher in question is disclosed by the petition.
 

 The demurrer is therefore sustained and the writ is denied.
 

 Writ denied.
 

 Weygandt, C. J., Hart, Zimmerman, Stewart, Turner and Taft, JJ., concur.