OPINION
Laura Wieland appeals from an order of the Montgomery County Court of Common Pleas requiring the disclosure of her mental health records and substance abuse treatment information for use in an action seeking a determination of dependency and neglect and an order of permanent custody of her minor children. Wieland contends that the records are privileged pursuant to R.C. 2317.02
and R.C. 4732.19. The trial court found that Wieland had not voluntarily undertaken treatment, and was therefore not entitled to assert privilege.
We conclude that although the trial court correctly followed the law as pronounced by this court in In re Smith (1982),7 Ohio App.3d 75, it erred to the extent that its order allows the introduction of any communications made by Wieland to her providers during the course of treatment. Accordingly, the judgment of the trial court is Reversed and Remanded.
 I
Laura Wieland is the mother of Holly, Lindsey and Danielle Wieland. In December, 1996, the Montgomery County Children's Services Board ("CSB") filed complaints alleging that Holly and Lindsey were neglected and dependent. In August, 1998, CSB filed the same complaint in regard to Danielle, who was a newborn. Temporary custody was granted to CSB. A reunification case-plan was filed with the court which, among other things, required Wieland to submit to a substance abuse assessment and treatment and a psychological evaluation. Eventually, CSB filed motions for permanent custody of all three girls.
During the course of the custody action, CSB filed motions seeking the disclosure of records regarding Laura Wieland; specifically, CSB filed a "Motion to Authorize the Disclosure of Records and to Admit Specific Substance Abuse Treatment Information" and a "Motion Requesting Records Regarding Mental Health Information." Wieland objected to the disclosure of the records on the grounds that they were privileged pursuant to R.C.2317.02 and R.C. 4732.19. The trial court, in granting both motions, noted that Wieland had been required to submit to treatment pursuant to the case-plan prepared and submitted by CSB. Therefore, the trial court found that Wieland did not voluntarily submit to treatment, and was therefore not entitled to assert any claim of privilege. From this order Wieland appeals.
 II
Wieland's sole Assignment of Error is as follows:
 THE TRIAL COURT ERRED BY RULING THAT THE MOTHER'S MEDICAL RECORDS AND SOCIAL WORKER RECORDS COULD BE DISCLOSED AND ADMITTED AS EVIDENCE IN A JUVENILE DEPENDANCE/NEGLECT HEARING, WITHOUT A VALID WAIVER BY THE MOTHER OF HER PHYSICIAN PATIENT AND SOCIAL WORKER CLIENT PRIVILEGE.
Wieland contends that the trial court erred by ordering disclosure of her mental health and substance abuse records and ordering the persons who generated the records to provide testimony. In support, she contends that the records were generated during the course of her treatment and are thus privileged pursuant to R.C. 2317.02 and R.C. 4732.19.
Pursuant to R.C. 2317.02, a physician or psychiatrist generally cannot provide testimony concerning a communication made to him by his patient. In the Matter of Shawn and Rachel O'Neal
(Nov. 20, 1998), Clark App. Nos. 97-CA-91, 97-CA-87 and 97-CA-88, unreported. Likewise, the communications between a psychologist and his client are protected in the same manner under R.C.4732.19. Id. Finally, pursuant to R.C. 2317.02(G), communications between licensed social workers and counselors are privileged.
This court has previously explored the issue of privileged materials in the arena of neglect and dependency adjudications and permanent custody determinations. In In re Smith (1982), 7 Ohio App.3d 75, we noted that the purpose for excluding evidence offered by a treating doctor is to "encourage open disclosure by the patient to the doctor In order to facilitate proper diagnosis and treatment." Id., at 78, citing In re Winstead (1980),67 Ohio App.2d 111, 114. We further noted that
 * * * The crucial prerequisite for creation of the privilege is the voluntary consultation by the patient. This must be present to create the privilege in the patient, for if the patient is not voluntarily seeking help, then the underlying rationale for the privilege is not present, i.e., the promotion of free and full discourse between physician and patient. Thus, there is no reason to exclude the relevant and material testimony of such physician.
 Smith, at 78, quoting Winstead, at 115.
In Smith, we created a bright-line test for determining whether testimony and evidence is subject to any statutory privilege. Specifically, we held that if the patient voluntarily sought treatment, the communications between the patient and the provider is privileged. If, however, the patient was required, as part of a reunification case-plan, to seek treatment, we held the treatment to be involuntary and not subject to any claim of statutory privilege.
It appears from the record that the Juvenile Court appropriately followed the law as set forth in Smith. However, upon further reflection, we believe that the bright-line test of voluntary-involuntary treatment set forth in Smith is overly simplistic and must be revisited.
Whenever a court orders a parent to undergo a psychiatric examination or substance abuse evaluation and treatment for purposes of a child custody case, the parent is required to submit involuntarily to the examination, evaluation and treatment.
The mere fact of involuntariness, however, should not end the inquiry. Instead, an examination of the purpose and the nature of the professional help sought is also necessary.
In regard to a court-ordered examination or evaluation, the parent is being required to consult the expert for forensic purposes. The physician is not examining or treating the patient to alleviate medical complaints or substance addictions. Instead, the physician is performing a forensic evaluation for the purpose of helping the court to determine the best course of action. In this case, no privilege attaches. See, In re Winstead (1980),67 Ohio App.2d 111 (privilege inapplicable to examination for judicial involuntary commitment procedure); State v. Garrett
(1983), 8 Ohio App.3d 244, 246 (privilege does not attach to medical-legal examination for lawsuit purposes); Ring v. Fox
(1977), 56 Ohio App.2d 235 (privilege does not apply to examination for purposes of job promotion); State v. Conley
(1996), Cuyahoga App. No. 69597, unreported (privilege does not apply to examination to determine employability). Likewise, we conclude that when a psychiatric examination or substance evaluation is ordered by a court in a child custody case for forensic purposes, the privilege is inapplicable.
However, when the parent is also required to undergo treatment, the reason underlying the psychologist-patient privilege applies. As previously stated, the purpose of the privilege statutes is to "create an atmosphere of confidentiality, encouraging the patient to be completely candid and open with his or her physician, thereby enabling more complete treatment." Inre Miller (1992), 63 Ohio St.3d 99, 107. Furthermore, the purpose of reunification case-plans is to reunify the parent and child by remedying the reason for the removal of the child from the home. See R.C. 2151.414(E)(1). In order to meet the goal of the reunification plan, the purpose underlying the statutory privilege — effective treatment — is material and significant. In other words, if a parent is fearful that any communications with her provider will not be privileged, she may not be open and truthful during treatment, thereby undermining the effectiveness of treatment and ultimately defeating the goal of remedying the reason for the removal of the child. On the other hand, matters that do not involve communications between the provider and the patient-client, e.g., a summary of attendance, will not be protected by the privilege.
We find this type of situation closely akin to that addressed by the Ohio Supreme Court in In re Miller, supra. Although Miller
involved an involuntary commitment in which the action was commenced for the benefit of the patient, the court found that the privilege afforded by R.C. 2317.02 covered any treatment provided to the individual being committed. Id., 108-109. Similarly, an order for substance abuse and psychological treatment for a parent in a custody determination is intended to benefit the parent, directly, by helping to resolve the problems requiring removal of the child from the home. The parent's treatment may, of course, ultimately benefit the child by permitting reunification, but that is an indirect benefit of the treatment, and is equally dependent upon the treatment's effectiveness, which the statutory privilege is intended to promote.
The records and testimony that are the subject of the order from which this appeal is taken were not made a part of the record, and are not before this court.[1] Therefore, this court cannot determine whether they are the type of records protected by the privilege statutes. Likewise, we are unable to determine whether the records were generated by physicians, psychologists, social workers or licensed counselors. We cannot determine whether the records and testimony sought to be disclosed are limited to what the providers learned during the court-ordered forensic examination performed for the custody hearing only, or whether the evidence includes communications made during the course of treatment. Therefore, we must remand this matter for appropriate factual findings by the trial court.
Furthermore, although CSB claims that Wieland voluntarily waived any privilege to which she may have been entitled, there is nothing in our record to support that claim. Therefore, on remand, the trial court should make a determination whether the privilege was waived.
Wieland's sole Assignment of Error is sustained.
 III
Wieland's sole Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause isRemanded for further proceedings in accordance with this opinion.
BROGAN and YOUNG, JJ., concur.
Copies mailed to:
John J. Amarante
Terry R. Hart
Hon. Michael B. Murphy
[1] Wieland's appeal was filed immediately after entry of the trial court order requiring disclosure, prior to the introduction of the evidence into the record.