24

THE STATE, EX REL. POLEN, APPELLANT, *v.* WYMER, APPELLEE.

(No. 73-197—Decided October 24, 1973.)

*Mr. Russell E. Rakestraw,* for appellant.
*Messrs. Hinton, Noble & Bryant* and *Mr. Carl W. Hinton,* for appellee.

WILLIAM B. BROWN, J.  Respondent contends that (1) an appointee to the position of assistant fire chief pursuant to the civil service statutes can be removed only for cause, as provided in R. C. 143.27, and (2) the position of assistant fire chief is not a public office subject to a writ of quo warranto.

In response to the first contention, respondent was appointed to the position of assistant fire chief on June 14, 1971, effective June 10, 1971, eleven days after relator appealed the grading to the commission.. His appointment

was made permanent on December 15, 1971, over six months after the ruling of the Civil Service Commission was appealed to the Common Pleas Court. So, as the relator was perfecting his appeals in an attempt to overturn the grading by which respondent was certified for the office they sought, respondent was securing his hold on the office. Relator took no legal action to stop respondent.

Relator responds that his appeal was brought under R. C. Section 143.341 and that this section does not require or even provide for joinder of any other participants. Relator nevertheless knew that at the time of filing the appeals the ultimate resolution of the case in his favor would affect respondent's claim to the office. It was not that the litigation could create a cloud over respondent's title to the office nor was it his duty to take affirmative action. Rather, it was the relator's duty to seek appropriaate relief to prevent respondent from further securing his claim to the office, by such means as enjoining the certification and the appointment or obtaining a stay of the proceedings pending the outcome of the appeals.

In our earlier case of *Kluth* v. *Andrus* (1952), 157 Ohio St. 279, the court refused to replace a tenured officeholder, who had obtained his office by irregular activity on the part of the Civil Service Commission in grading the examinations, with one who would have been entitled to the office if the regular legal procedures had been followed.

This position was reaffirmed in *State, ex rel. Mikus,* v. *Hirbe* (1966), 7 Ohio St. 2d 104, 107, where the court concluded. that:

"It appears on the basis of *Byrd* and *Kluth* that, where the appointee before his appointment complies as far as he is able with the rules governing the promotional examination and after his appointment satisfactorily serves his probationary period, a dereliction of duty on the part of the commission does not frustrate the appointee's effort to secure the benefits of the civil service laws, *e. g.,* that he can be removed from office only for cause pursuant to Section 143.27 of the Revised Code."

In the instant case, there is evidence that the respondent complied, in so far as he was able, with the rules governing the promotional examination. In fact, it is stipulated that he acted in good faith and had no prior knowledge of the procedures the commission would use in the grading. Furthermore, since respondent has satisfactorily served his probationary period, and since there is nothing in the record to indicate cause why respondent should be removed pursuant to R. C. 143.27, this court will not order his removal.

The case of *State, ex rel. Ethell,* v. *Hendricks* (1956), 165 Ohio St. 217, is cited as a case where a writ of quo warranto was issued to settle a dispute over an office arising because the commission illegally included in its examination both an oral and a written part. That case is distinguishable because the record does not indicate that the officeholder therein had completed his probationary period and succeeded to tenured rights.

Since this cause is determined by consideration of the first issue, we will not rule upon the issue of the scope of quo warranto actions.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Corrigan, Stern, Celebrezze, and P. Brown, JJ., concur.

Herbert, J., concurring. I believe that we also should have addressed ourselves to the proposition of law regarding the propriety of quo warranto under the instant facts.