The State, ex rel. Halak, Appellant, *v.* Cebula et al., Appellees.

[Cite as State, ex rel. Halak, v. Cebula (1977), 49 Ohio St. 2d 291.]

(No. 76-763—Decided March 30, 1977.)

292

Cassidy & Mottl Co., L. P. A. and Mr. Paul W. Cassidy, for appellant.

Mr. William J. Slivka and Mr. Robert J. Amsdell, for appellee Robert F. Cebula.

Mr. William J. Brown, attorney general, and Mr. Thomas V. Martin, for appellee Secretary of State.

Per Curiam. Ordinarily, an action in quo warranto against a public official, inquiring by what authority the individual holds his office, must be brought by the Attorney General or a prosecuting attorney. An exception is provided in R. C. 2733.06 which states:

"A person claiming to be entitled to a public office unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law, upon giving security for costs."

It has long been held and accepted that a private person cannot maintan an action in quo warranto except under the authority of this statute, and "he must show not only that he is entitled to the office, but also that it is unlawfully held and exercised by the defendant in the action." State, ex rel. Heer, v. Butterfield (1915), 92 Ohio St. 428, paragraph one of the syllabus; State, ex rel. Lindley, v. The Maccabees (1924), 109 Ohio St. 454; State, ex rel. Smith v. Nazor (1939), 135 Ohio St. 364.

In State, ex rel. Ethell, v. Hendricks (1956), 165 Ohio

St. 217; it was held in paragraph three of the syllabus that:

"Section 2733.06, Revised Code, empowers an individual, claiming in good faith and upon reasonable grounds to be entitled to a public office held and exercised by another, to expeditiously bring an action in quo warranto upon his own initiative in the name of the state, and Section 2733.08, Revised Code, provides that in such an action 'judgment may be rendered upon the right of the defendant, and also on the right of the person averred to be so entitled, *or only upon the right of the defendant, as justice requires.'* "

The question presented is thus whether the relator's claim that he is entitled to the office held by the respondent is made in good faith and upon reasonable grounds.

In the present cause, it is agreed that should the respondent be declared ineligible to seek election to the office in question, the vacancy would now be filled by the city council, and not by the accession of the relator as the losing candidate with the highest number of votes. In *State, ex rel Haff*, v. *Pask* (1933), 126 Ohio St. 633, it was held in paragraph three of the syllabus:

"Where the candidate receiving the highest number of votes is ineligible to election, the candidate receiving the next highest number of votes for the same office is not elected. Only the eligible candidate who receives the highest number of votes for the office for which he stands is elected to such office."

See, also, *Prentiss* v. *Dittmer* (1916), 93 Ohio St. 314, 327; *State, ex rel. Sheets,* v. *Speidel* (1900), 62 Ohio St. 156; *Renner* v. *Bennett* (1871), 21 Ohio St. 431. The parties do not cite any provision in the North Royalton charter which would affect this principle.

Under these cases, there are clearly no reasonable grounds for the relator's claim that he is entitled to the respondent's office. A mere possibility of appointment does not constitute entitlement in any way. Accordingly, the Court of Appeals was correct in its dismissal of the com-

plaint. We do not reach the question of whether former R. C. 3517.10 has any present effect, and we express no opinion thereon.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CELEBREZZE, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

HERBERT and LOCHER, JJ., concur in the judgment.

HERBERT, J., concurring in judgment. Courts of Appeal and this court possess original jurisdiction in *quo warranto* by virtue of specific constitutional statement. That particular jurisdiction carries a concomitant responsibility to regulate its use in those courts.

Although I may or may not agree with what the General Assembly has prescribed with relation to the writ, I find it unnecessary to a resolution of this appeal to perpetuate a view that considers a statute to be the "authority" by which this classic writ subsists.

LOCHER, J., concurs in the foregoing concurring opinion.