THE STATE, EX REL. DELPH, APPELLEE, *v.* BARR, APPELLANT.

[Cite as State, ex rel. Delph, *v.* Barr (1989), 44 Ohio St. 3d 77.]

(No. 88-843—Submitted April 11, 1989—Decided July 5, 1989.)

*Jon C. Hapner,* for appellee.

*Manley, Burke & Fischer, Andrew*

*S. Lipton* and *Ralph W. Phillips,* for appellant.

*Sarah C. Duncan,* director of law, urging reversal for *amicus curiae,* city of Greenfield.

H. BROWN, J.  Chief of police is a public office from which a usurper may be removed pursuant to R.C. Chapter 2733. *State, ex rel. Hanley,* v. *Roberts* (1985), 17 Ohio St. 3d 1, 4, 17 OBR 1, 3, 476 N.E. 2d 1019, 1021, at fn. 5. Thus, we must first decide whether Barr is holding the office unlawfully. If he is, we must determine whether Delph is entitled to that office.

## I

The court of appeals found that Barr was not certified at a public meeting. It further found that Barr's certification was not done at a regular or special meeting under the executive-session exception of R.C. 121.22(G). Thus, citing R.C. 121.22(H), the court determined that Barr was appointed to and holding his office unlawfully.

Barr does not challenge the appellate court's analysis of the appointment process. Instead, Barr argues that he cannot be removed through quo warranto because he has become a permanent employee under R.C. 124.271. R.C. 124.271 provides, in part:

"Any employee in the classified service of * * * any * * * city * * * who is appointed provisionally to fill a vacancy and who remains in provisional status in the same classification for a period of two years of continuous service, during which period no competitive examination is held, becomes a permanent appointee in the classified service at the conclusion of such two year period. * * *"

Barr submits that he has been police chief continuously for a two-year period during which no competitive examinations were given.

The court of appeals rejected this

argument, mainly on the authority of *State, ex rel. Polen,* v. *Wymer* (1973), 36 Ohio St. 2d 24, 65 O.O. 2d 96, 302 N.E. 2d 889. The syllabus in *Wymer* states:

"Where a candidate is certified as having the highest grade in a promotional civil service examination that was not graded in full conformity with civil service law, and where it does not appear that the candidate so certified knew of or participated in the irregular grading, he will not be replaced by one bringing an action in quo warranto *who failed to take affirmative action to prevent the certification and permanent appointment.*" (Emphasis added.)

The court below concluded that the prompt filing in quo warranto by Delph was an affirmative action under the *Wymer* syllabus. Barr disagrees. Barr maintains that the court in effect granted injunctive relief to Delph though no such relief was sought. Barr claims that *Wymer* requires more than a challenge to another's title through quo warranto. Specifically, he argues that Delph had to file in quo warranto *and* either (1) secure an order enjoining Barr's permanent appointment, or (2) obtain a stay of operation of the statute pending the outcome of his action. Barr relies on this language in *Wymer:*

"* * * [I]t was the relator's duty to seek appropriate relief to prevent respondent from further securing his claim to the office, by such means as enjoining the certification and the appointment or obtaining a stay of the proceedings pending the outcome of the appeals." *Id.* at 27, 65 O.O. 2d at' 98, 302 N.E. 2d at 891. Barr also relies on *State, ex rel. Hanley,* v. *Roberts, supra.*

*Hanley* implicitly recognizes the availability of ancillary injunctive relief to maintain the *status quo* after a quo warranto action is filed. See, also, *Reemelin* v. *Mosby* (1890), 47 Ohio St.

570, 26 N.E. 717; *State, ex rel. Garrison,* v. *Brough* (1916), 94 Ohio St. 115, 113 N.E. 683. However, to recognize the availability of ancillary injunctive relief in quo warranto actions is not to say that it is required.

In the circumstances at bar, we are not inclined to extend the holding in *Hanley* (and the cases which precede *Hanley*). A complaint in quo warranto was filed shortly after an improper civil service appointment. Therefore, we hold that Delph's complaint challenging Barr's title to office was sufficient to prevent Barr from securing a permanent hold on the office under R.C. 124.271. Because Barr's appointment was not accomplished in compliance with R.C. 121.22, we also find that he is holding the office unlawfully and that a writ of quo warranto ordering his removal should issue.

## II

We turn to the question of Delph's entitlement to office. To prevail under R.C. 2733.06, a relator must show (1) that the office is being unlawfully held and exercised by the respondent, and (2) that relator is entitled to the office. *State, ex rel. Halak,* v. *Cebula* (1977), 49 Ohio St. 2d 291, 292, 3 O.O. 3d 439, 440, 361 N.E. 2d 244, 246. A relator need not prove his own title beyond all doubt, but his claim must be established on good faith and reasonable grounds. *State, ex rel. Hanley,* v. *Roberts, supra,* at 6, 17 OBR at 5, 476 N.E. 2d at 1023, citing *State, ex rel. Ethell,* v. *Hendricks* (1956), 165 Ohio St. 217, 59 O.O. 298, 135 N.E. 2d 362, paragraph three of the syllabus, and *State, ex rel. Halak,* v. *Cebula, supra,* at 293, 3 O.O. 3d at 440, 361 N.E. 2d at 246. If he fails in this regard, judgment may be rendered only on the issue of whether respondent lawfully holds the office in dispute. R.C. 2733.08; *State, ex rel. Ethell,* v. *Hendricks, supra.*

The court of appeals found that

Delph was entitled to office despite Barr's arguments that (1) Delph was beyond the thirty-five year age limit for original appointments and (2) Delph did not timely hold a Peace Officer Training Certificate. Barr does not assert error based upon these findings.

Instead, Barr challenges the validity of Delph's certification on August 13, 1984. Barr asserts that the decision to certify Delph was reached at an informal "rump" session on August 10, 1984, rather than at a public meeting pursuant to R.C. 121.22(A) and 121.22(H).

R.C. 121.22 provides, in part:

"(A) This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings, unless the subject matter is specifically excepted by law.

"* * *

"(H) * * * A resolution, rule or formal action adopted in an open meeting *that results from deliberations in a meeting not open to the public is invalid* unless the deliberations were for a purpose specifically authorized in division (G) of this section and conducted at an executive session held in compliance with this section." (Emphasis added.)

It is undisputed that Delph's certification and the suspension of the competitive requirements were considered at an informal meeting. This informal meeting preceded the August 13, 1984 meeting at which these measures were adopted. The court of appeals did not find that the informal meeting was an executive session authorized by R.C. 121.22(G). Rather, it determined that the statute was not violated because the commissioners did not *conclusively* decide to certify Delph and to suspend the competitive requirements at the informal meeting.

R.C. 121.22(H), however, invalidates any formal action that *results from deliberations* conducted in private. The commission's formal action resulted from deliberations taken at a private, informal meeting. Therefore, Delph is not entitled to a writ making him police chief in Greenfield.

Having determined Barr to be holding the office of Greenfield's police chief unlawfully, we find that the court of appeals properly issued a writ of quo warranto ordering his removal. However, we hold that the court of appeals erred to the extent that its writ orders Delph appointed to the office of police chief. Accordingly, we affirm the judgment below in part and reverse it in part.

*Judgment affirmed in part and reversed in part.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I would reverse the judgment of the court of appeals in that I conclude that, under the facts presented here, Gregory Barr has held the office of chief of police for the requisite period of two years as provided in R.C. 124.271, and therefore is a permanent appointee within the classified service.