OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Randles, Appellant, v. Hill, Appellee.
     [Cite as State ex rel. Randles v. Hill (1993),      Ohio
     St.3d      .]
Public employment -- Township zoning inspector not lawfully
     removed from office in accordance with R.C. 121.22 when
     public was deliberately locked out of meeting at which
     zoning inspector was removed from office.
     (No. 92-792 -- Submitted January 5, 1993 -- Decided
February 24, 1993.)
     Appeal from the Court of Appeals for Lucas County, No.
L-90-169.
     Lee Randles, relator-appellant, formerly held the office
of Spencer Township Zoning Inspector.  He was removed from this
position at a meeting of the Spencer Township Board of Trustees
on February 15, 1990, by a vote of two to one.  Sometime later,
Michael Hill, respondent-appellant, was apparently appointed to
replace Randles as zoning inspector.
     Randles filed for a writ of quo warranto in the Court of
Appeals for Lucas County to oust Hill and to be reinstated to
his office.  Randles claimed that the February 15 meeting was
closed to the public in violation of R.C. 121.22, "the Sunshine
Law," and, therefore, that his removal was invalid under R.C.
121.22(H).  After overruling Hill's motion to dismiss, the
court extended the period for his answer, but no answer was
ever filed.  Hill also failed to file his brief timely, but was
granted leave, over Randles' objection, to file it late.
     The court of appeals notified the parties that it would
resolve the case based on eight depositions, seven of which
were submitted by Randles.  Hill filed the eighth deposition,
that of Trustee James Cox, as ordered by the court on Randles'
request.
     After reviewing the evidence, the court of appeals denied
the writ.  The court found:
     "(1)  [Randles] was appointed as zoning inspector in 1989;
     "(2)  [N]otice of the February 15, 1990 board of trustees
meeting at which his removal was to be determined was provided
to the public and to Randles;
     "(3)  [O]n February 15, 1990, the meeting was called to

order at the township meeting hall but [Randles] chose not to enter the hall because it had been 'red tagged' by the county [building] inspector[,] which he believed prohibited occupancy [According to the assistant chief building inspector, the red tag signified that certain construction plans had not been approved, but did not prevent use of the hall.];

"(4)  [T]he decision was made at the beginning of the meeting to move to the adjacent maintenance hall because of the red tag;

"(5)  [T]wo of the trustees and some township residents remained at the meeting while one trustee and several residents chose to leave the meeting at that time;

"(6)  [T]he meeting continued and the trustees voted two to one to remove [Randles] as the township zoning inspector;

"(7)  [S]ome of the individuals who left the meeting later decided to reenter but were unable to do so because the doors were locked; * * *

"(8)  [T]here is no direct evidence before us that those in attendance at the meeting deliberately locked the door to the building to preclude further entry by the public[;] and

"(9)  [T]he evidence before us gives rise to two competing inferences: (a) those in attendance at the meeting deliberately precluded further entry by the public and (b) those who chose to leave the meeting were inadvertently locked out of the meeting but were not deliberately excluded.

"This court therefore finds that, because the evidence furnishes us an equal basis for choice between different possibilities, [Randles] has failed to demonstrate by a preponderance of the evidence that the Spencer Township Board of Trustees meeting of February 15, 1990, was held in violation of Ohio's Sunshine Law; that his removal from the position of township zoning inspector was invalid; and that the office of the Spencer Township Zoning Inspector is being unlawfully held and exercised by [Hill] and that he is entitled to that office."

The cause is now before this court upon an appeal as of right.

John M. Wilson, for appellant.
Anthony G. Pizza, Prosecuting Atorney, and Eric W. Slack, Assistant Prosecuting Attorney, for appellee.

Per Curiam.  Randles argues that he sustained his burden of proof for a writ of quo warranto to issue and that, even if his evidence is insufficient, he should nevertheless prevail because, under Civ.R. 8(D), the allegations in his complaint were admitted by Hill's failure to answer.  Randles further argues that the court of appeals erred by overruling his motion to strike Hill's merit brief.1

For the reasons that follow, we agree that Randles sustained his burden of proof and that the court of appeals erred in denying the requested writ of quo warranto.  We base our decision, however, on the evidence in the record and, therefore, need not decide whether the court of appeals also erred in not accepting the allegations in Randles' complaint as true or in overruling his motion to strike.

For a writ of quo warranto to issue, Randles must show (1) that Hill is unlawfully holding and exercising the office of

Spencer Township Zoning Inspector, and (2) that Randles is entitled to the office.  R.C. 2733.06; State ex rel. Halak v. Cebula (1977), 49 Ohio St.2d 291, 292, 3 O.O.3d 439, 440, 361 N.E.2d 244, 246.  In State ex rel. Delph v. Barr (1989), 44 Ohio St.3d 77, 541 N.E.2d 59, we granted a writ of quo warranto to remove a police chief whose appointment was invalid by operation of R.C. 121.22(H).  There, the relator had not sufficiently established his own right to be police chief, and so we did not also order that he was entitled to that office.  However, we acknowledged in Delph that the writ may issue to replace a usurper where both parts of the quo warranto standard are met.  Id. at 81, 541 N.E.2d at 63.

Randles proved that he legitimately held the office of township zoning inspector before his removal.  With respect to whether he had been lawfully removed in accordance with R.C. 121.22, the court of appeals seized on the lack of any direct evidence establishing that the public was deliberately locked out of the February 15 meeting.  Consequently, Randles makes much of the testimony indicating that the doors to the maintenance area, where the meeting ultimately took place, could be locked only from the inside.  He claims this evidence establishes that the doors were locked intentionally.

Intent, however, is not a consideration in determining compliance with R.C. 121.22(C), which broadly requires that "[a]ll meetings of any public body * * * be * * * open to the public at all times."  Moreover, R.C. 121.22(A) states:

"This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings, unless the subject matter is specifically excepted by law."

R.C. 121.22 contains several exceptions to the requirement that meetings be held open to the public; inadvertence by the public body, however, is not among them.  The statute, therefore, provides no basis for using mistake to excuse failure to comply with the open-meetings requirement.  Thus, we read R.C. 121.22 to provide only two defenses to claims of noncompliance: (1) that the action to be taken is excepted from the open-meetings requirement, or (2) that public access was provided.

No exception has been asserted in this case, but Trustee Cox's testimony is some evidence that access was provided.  Specifically, Cox testified that the door between the meeting hall and maintenance area remained open and that the building maintenance man was stationed there to "allow anyone to enter who wished to do so."  Cox's testimony is controverted, however, by several witnesses who claim to have knocked loudly, without receiving any response, on the locked outside door of the maintenance area, at the locked entrance to the meeting hall and, apparently, on the locked door between the meeting hall and the maintenance area.

To resolve this conflict, the court of appeals credited Randles' witnesses and found that "the doors were locked."  Hill might have successfully rebutted this version of what happened at the February 15 meeting with the maintenance man's testimony.  However, Hill filed no evidence other than Cox's deposition, and only then in response to the court of appeals' order.

Accordingly, we find that Randles sustained his burden of proof by showing that none of the entrances permitted public access to the meeting at which he was removed from office. Thus, consistent with our reading of R.C. 121.22, we hold that the court of appeals erred in requiring Randles to prove intent and in finding that he had not shown a violation of that statute. Moreover, because R.C. 121.22(H) applies to invalidate action not adopted at an open meeting of a public body, we further hold that Randles' February 15, 1990 removal was invalid. Therefore, we grant a writ of quo warranto reinstating him to the office of Spencer Township Zoning Inspector.

                              Judgment reversed
                              and writ granted.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE
1    Hill did not file his brief timely in this court, and we denied his request for an extension.