THE STATE EX REL. RANDLES, APPELLANT, *v.* HILL, APPELLEE.

[Cite as *State ex rel. Randles v. Hill* (1993), 66 Ohio St.3d 32.]

(No. 92–792—Submitted January 5, 1993—Decided February 24, 1993.)

*John M. Wilson,* for appellant.

*Anthony G. Pizza,* Prosecuting Attorney, and *Eric W. Slack,* Assistant Prosecuting Attorney, for appellee.

---

*Per Curiam.* Randles argues that he sustained his burden of proof for a writ of quo warranto to issue and that, even if his evidence is insufficient, he should nevertheless prevail because, under Civ.R. 8(D), the allegations in his complaint were admitted by Hill's failure to answer. Randles further argues that the court of appeals erred by overruling his motion to strike Hill's merit brief.[1]

For the reasons that follow, we agree that Randles sustained his burden of proof and that the court of appeals erred in denying the requested writ of quo warranto. We base our decision, however, on the evidence in the record and, therefore, need not decide whether the court of appeals also erred in not accepting the allegations in Randles' complaint as true or in overruling his motion to strike.

For a writ of quo warranto to issue, Randles must show (1) that Hill is unlawfully holding and exercising the office of Spencer Township Zoning Inspector, and (2) that Randles is entitled to the office. R.C. 2733.06; *State ex rel. Halak v. Cebula* (1977), 49 Ohio St.2d 291, 292, 3 O.O.3d 439, 440, 361 N.E.2d 244, 246. In *State ex rel. Delph v. Barr* (1989), 44 Ohio St.3d 77, 541 N.E.2d 59, we granted a writ of quo warranto to remove a police chief whose appointment was invalid by operation of R.C. 121.22(H). There, the relator had not sufficiently established his own right to be police chief, and so we did not also order that he was entitled to that office. However, we acknowledged in *Delph* that the writ may issue to replace a usurper where both parts of the quo warranto standard are met. *Id.* at 81, 541 N.E.2d at 63.

Randles proved that he legitimately held the office of township zoning inspector before his removal. With respect to whether he had been lawfully removed in accordance with R.C. 121.22, the court of appeals seized on the lack of any direct evidence establishing that the public was deliberately locked out of the February 15 meeting. Consequently, Randles makes much of the testimony indicating that the doors to the maintenance area, where the meeting ultimately took place, could be locked only from the inside. He claims this evidence establishes that the doors were locked intentionally.

---

1. Hill did not file his brief timely in this court, and we denied his request for an extension.

Intent, however, is not a consideration in determining compliance with R.C. 121.22(C), which broadly requires that "[a]ll meetings of any public body * * * be * * * open to the public at all times." Moreover, R.C. 121.22(A) states:

"This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings, unless the subject matter is specifically excepted by law."

R.C. 121.22 contains several exceptions to the requirement that meetings be held open to the public; inadvertence by the public body, however, is not among them. The statute, therefore, provides no basis for using mistake to excuse failure to comply with the open-meetings requirement. Thus, we read R.C. 121.22 to provide only two defenses to claims of noncompliance: (1) that the action to be taken is excepted from the open-meetings requirement, or (2) that public access was provided.

No exception has been asserted in this case, but Trustee Cox's testimony is some evidence that access was provided. Specifically, Cox testified that the door between the meeting hall and maintenance area remained open and that the building maintenance man was stationed there to "allow anyone to enter who wished to do so." Cox's testimony is controverted, however, by several witnesses who claim to have knocked loudly, without receiving any response, on the locked outside door of the maintenance area, at the locked entrance to the meeting hall and, apparently, on the locked door between the meeting hall and the maintenance area.

To resolve this conflict, the court of appeals credited Randles' witnesses and found that "the doors were locked." Hill might have successfully rebutted this version of what happened at the February 15 meeting with the maintenance man's testimony. However, Hill filed no evidence other than Cox's deposition, and only then in response to the court of appeals' order.

Accordingly, we find that Randles sustained his burden of proof by showing that none of the entrances permitted public access to the meeting at which he was removed from office. Thus, consistent with our reading of R.C. 121.22, we hold that the court of appeals erred in requiring Randles to prove intent and in finding that he had not shown a violation of that statute. Moreover, because R.C. 121.22(H) applies to invalidate action not adopted at an open meeting of a public body, we further hold that Randles' February 15, 1990 removal was invalid. Therefore, we grant a writ of quo warranto reinstating him to the office of Spencer Township Zoning Inspector.

*Judgment reversed*
*and writ granted.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.