[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 545.]

THE STATE EX REL. MYERS *v*. BROWN, CLERK-TREASURER.

[Cite as *State ex rel. Myers v. Brown*, 2000-Ohio-478.]

*Public employment—Quo warranto to oust respondent from office of village of*
*Agler Clerk-Treasurer and to declare that relator is entitled to the office—*
*Limited writ to oust respondent granted but appointment to office denied.*

(No. 99-1420 —Submitted December 15, 1999—Decided January 19, 2000.)

IN QUO WARRANTO.

{¶ 1} The village of Alger, Ohio, is a noncharter municipal corporation organized under the general statutory form of village government. Alger has a combined office of clerk-treasurer. In August 1998, the Alger Clerk-Treasurer resigned, and the village received resumes from nine individuals who had applied for the position. Relator, Paul D. Myers, a resident-elector of the village, and respondent, Jackie Brown, a nonresident-elector, were two of the applicants. In addition to Myers, two other village residents applied.

{¶ 2} In October 1998, Alger Mayor Don Hensley appointed Brown to complete the unexpired term of clerk-treasurer. At the time of Brown's appointment, Myers had a pending lawsuit against the village that Mayor Hensley believed created a potential conflict of interest should Myers be appointed Alger Clerk-Treasurer. Brown remains a nonresident of the village. According to Mayor Hensley, his appointment of Brown was as an "acting" clerk-treasurer "until a permanent, qualified candidate" could be appointed.

{¶ 3} In 1999, Myers filed this action for a writ of *quo warranto* to oust Brown from the office of Alger Clerk-Treasurer and declare that Myers is entitled to the office. After Brown filed a motion to dismiss, we granted an alternative writ.

{¶ 4} This cause is now before the court for a consideration of the merits.

———————————

*F. Stephen Chamberlain*, for relator.

*Bradford W. Bailey*, for respondent.

———————————

***Per Curiam.***

**{¶ 5}** Myers asserts that he is entitled to a writ of *quo warranto*. For the reasons that follow, we hold that Myers is entitled to a limited writ to oust Brown from the office of Alger Clerk-Treasurer.

**{¶ 6}** "A person claiming to be entitled to a public office unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law, upon giving security for costs." R.C. 2733.06. In order to prevail completely in a *quo warranto* action, a relator must establish (1) that the office is being unlawfully held and exercised by respondent and (2) that relator is entitled to the office. *State ex rel. Delph v. Barr* (1989), 44 Ohio St.3d 77, 541 N.E.2d 59, syllabus; *State ex rel. Brenders v. Hall* (1995), 71 Ohio St.3d 632, 633-634, 646 N.E.2d 822, 824.

**{¶ 7}** Brown contends that she is lawfully holding the office because the mayor appointed her clerk-treasurer under R.C. 733.31(A), which provides that "[i]n the event of a vacancy in the office of village clerk or treasurer, the mayor may appoint a person to serve as an acting officer to perform the duties of the office until a permanent officer is appointed to fill the vacancy." R.C. 733.68 specifies that "[e]xcept as otherwise provided by the Revised Code *each officer of a municipal corporation*, or of any department or board thereof, *whether elected or appointed as a substitute for a regular officer, shall be an elector of the municipal corporation * * *.*" (Emphasis added.)

**{¶ 8}** Although Brown concedes that she is neither an elector nor a resident of Alger, she claims that the mayor was authorized to appoint a nonelector as clerk-treasurer on a temporary basis. But contrary to Brown's claims, these statutes do not permit the village mayor to appoint a nonelector as clerk-treasurer when the

appointment is temporary rather than permanent.

{¶ 9} In interpreting a statute, we must first examine its express terms. *Freedom Rd. Found. v. Ohio Dept. of Liquor Control* (1997), 80 Ohio St.3d 202, 206, 685 N.E.2d 522, 525. It is the duty of the court to give effect to the words used and not to insert words not used. *State ex rel. Cuyahoga Cty. v. State Personnel Bd. of Review* (1998), 82 Ohio St.3d 496, 499, 696 N.E.2d 1054, 1056.

{¶ 10} R.C. 733.68 manifestly requires that an appointed or elected clerk-treasurer be an elector of the municipal corporation and does not differentiate between either a provisional or a permanent appointment. See, also, 1 Gotherman & Babbit, Ohio Municipal Law (2 Ed.1992) 151, Section 9.06(B). Nothing in R.C. 733.31(A), which authorizes the appointment of acting officers, provides otherwise, and R.C. 733.261(B) also mandates that "[t]he clerk-treasurer shall be an elector of the municipal corporation."

{¶ 11} Therefore, Myers has established that Brown, a nonelector of the village, is unlawfully holding and exercising the office of clerk-treasurer.

{¶ 12} Brown nevertheless claims that we should deny the writ because Myers has not established the second general requirement for extraordinary relief in *quo warranto, i.e.*, that he is entitled to the office. We agree with Brown that Myers has not established his entitlement to be appointed clerk-treasurer. Myers was not the only resident who applied for the office of clerk-treasurer, and Mayor Hensley did not have any duty to appoint Myers to that office.

{¶ 13} But Myers's failure to establish his entitlement to be appointed clerk-treasurer does not preclude a writ of *quo warranto*. If a relator in a *quo warranto* proceeding fails to establish entitlement to the office, judgment may still be rendered on the issue of whether respondent lawfully holds the disputed office. *Delph, supra*, 44 Ohio St.3d at 80, 541 N.E.2d at 62; *State ex rel. Ethell v. Hendricks* (1956), 165 Ohio St. 217, 226-227, 59 O.O. 298, 303-304, 135 N.E.2d 362, 368. Myers proved that Brown is not lawfully holding and exercising the

office of clerk-treasurer.

{¶ 14} Based on the foregoing, we grant Myers a writ of *quo warranto* solely to remove Brown from the office of Alger Clerk-Treasurer. We deny the writ insofar as Myers requests his appointment to that office.

*Writ granted in part*

*and denied in part.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____