JOURNAL ENTRY AND OPINION
{¶ 1} On January 27, 2003, the petitioner, Ronald-Edward Lutz/Kelly, commenced this quo warranto action against the respondents, Ed Faver, James Sacco, and Donald Lissner, Detectives for the Lakewood Police Department; Kevin Spellacy, as the Prosecutor for the City of Lakewood; Judge Patrick Carroll of the Lakewood Municipal Court; William Mason and Daniel Kasaris, Cuyahoga County Prosecutors; and Judges William Aurelius and Richard Markus of the Cuyahoga County Common Pleas Court. The petitioner accuses the respondents of usurping state power and depriving him of his substantive rights by, inter alia, falsely arresting him, depriving him of his rights to a fair trial, violating his economic rights and improperly convicting him of various offenses including forgery, uttering, racketeering, intimidation and retaliation. Accordingly, the petitioner seeks to compel the respondents to show by what authority they have done these things to him, i.e., to produce the documents or evidence of their lawful authority to act. His apparent strategy is that if the respondents cannot produce such documents of evidence, then the arrests, charges, trials, convictions and sentences must be void ab initio. Additionally, the petitioner also seeks injunctive relief for access to a law library, access to the courts, relief from orders from the prosecutor's office, for the clerk of courts to accept all of his tendered filings, and for an end to any unlawful prohibition on the petitioner's outgoing mail. For the following reasons, this court dismisses this quo warranto action sua sponte.
 {¶ 2} The petitioner does not have standing to pursue an action in quo warranto in Ohio. As early as 1832, the Supreme Court of Ohio ruled that a private individual may not bring a quo warranto action to test generally the authority a person has to hold an office. In State ex rel.Loomis v. Moffitt (1832), 5 Ohio 358, Uriah Loomis brought an action in quo warranto arguing that Lemuel Moffitt did not properly hold the office of associate judge because he was not properly elected and did not have the requisite certificate for the office. The Supreme Court dismissed the application because a private individual does not have standing to bring an action in quo warranto. Subsequently, the Supreme Court of Ohio clarified that the only time a private citizen has standing to bring an action in quo warranto is when that person claims to be entitled to the disputed public office being held by someone else. State ex rel. Wassonv. Taylor (1893), 50 Ohio St. 120, 38 N.E. 24; State ex rel. Heer v.Butterfield (1915), 92 Ohio St. 428, 111 N.E. 279; State ex rel. Silveyv. The Miami Conservancy District Company (1919), 100 Ohio St. 483,128 N.E. 87; State ex rel. Ethell v. Hendricks (1956), 165 Ohio St. 217,135 N.E.2d 362; State ex rel. Annable v. Stokes (1970), 24 Ohio St.2d 32,262 N.E.2d 863; State ex rel. Delph v. Barr (1989), 44 Ohio St.3d 77,541 N.E.2d 59; State ex rel. Lanham v. Ohio Adult Parole Authority,80 Ohio St.3d 425, 1997-Ohio-104, 687 N.E.2d 283. The petitioner makes no pretense that he has any right to the offices of any of the respondents.
 {¶ 3} Otherwise, an action in quo warranto must be brought only by the attorney general or a prosecuting attorney. R.C. 2733.04 and 2733.05;Wasson, Annable; State ex rel. Halak v. Cebula (1977),49 Ohio St.2d 291, 361 N.E.2d 244 and Wright v. Kings PathCondominium Group, Inc. (Aug. 16, 2001), Cuyahoga App. No. 79987. That is certainly not the case in the instant matter. R.C. 2733.07 does permit the court or a judge thereof in vacation to permit any member of the bar to act in the place of the prosecuting attorney and bring the action in quo warranto. However, the petitioner admits that he "is not a BAR licensed attorney at law, but a private inhabitant of California state, who appears only as self in law." (Paragraph 2 of the complaint; emphasis and capitalization in original.) Thus, he is not eligible under this provision to commence this action. Additionally, given the petitioner's unorthodox beliefs on this country's legal and financial systems, this court declines in any case to grant him permission under this statute to pursue this quo warranto action, especially as he is continuing to litigate in the appeal of the underlying case many, if not all, of the issues he raised herein. Accordingly, the petitioner does not have standing to pursue this action.
 {¶ 4} Moreover, this court does not have jurisdiction to grant injunctive relief. State ex rel. Pressley v. Industrial Commission ofOhio (1967), 11 Ohio St.2d 145, 228 N.E.2d 631 and State ex rel. DaytonNewspapers v. Wagner (1998), 129 Ohio App.3d 271, 717 N.E.2d 773.
 {¶ 5} Accordingly, this court dismisses this action for quo warranto. Costs assessed against petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
PATRICIA A. BLACKMON, P.J., and ANNE L. KILBANE, J., concur.