STATE EX REL. NEWELL, APPELLANT, *v.* CITY OF JACKSON ET AL., APPELLEES.

[Cite as *State ex rel. Newell v. Jackson,*
118 Ohio St.3d 138, 2008-Ohio-1965.]

(No. 2007–1925–Submitted April 23, 2008—Decided April 30, 2008.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of quo warranto to oust appellee Doug Reed from the office of chief of the Jackson Fire Department and to appoint appellant, Kida Newell, fire chief, or to permit Newell to compete for that office as provided by law. Because Newell failed to establish that the office is being unlawfully held and exercised by Reed and that she is entitled to the office, we affirm.

## Appointment of Reed as Fire Chief

{¶ 2} In June 2004, the office of chief of the Jackson Fire Department became vacant. On December 8, 2004, appellee Jackson Civil Service Commission scheduled a promotional examination for the office of fire chief for February 7, 2005. Appellee Douglas Reed was one of five people who took the examination. On February 15, 2005, the chairman of the civil service commission notified the mayor that Reed was the only applicant who had received a passing score. On February 24, 2005, Reed was appointed fire chief. Reed was not informed of a specific probation period, but he has never received notification from any city official that he has not satisfactorily performed his duties.

## Action for Declaratory and Injunctive Relief

{¶ 3} Nearly eight months after Reed's appointment as fire chief, in October 2005, appellant, Kida Newell, challenged it by filing a complaint for declaratory judgment and injunctive relief in the Jackson County Court of Common Pleas. In April 2006, Newell amended her complaint to include Reed as a defendant. Newell claimed that the civil service commission's failure to follow the requirements of the Open Meetings Act, R.C. 121.22, in scheduling the examination, grading it, and certifying the results rendered the city's appointment of Reed as fire chief void and required that a new examination be given and that Newell be permitted to take it. The common pleas court characterized Newell's case as one seeking relief in quo warranto and dismissed it for lack of subject-matter jurisdiction. The court of appeals affirmed the dismissal. *Newell v. Jackson*, Jackson App. No. 06 CA 19, 2007-Ohio-4729, 2007 WL 2694404.

Action for Quo Warranto

{¶ 4} In December 2006, Newell filed a complaint in the Court of Appeals for Jackson County for a writ of quo warranto to remove Reed from the office of fire chief and either appoint Newell as fire chief or permit her to compete for that office. As in her previous action for declaratory and injunctive relief, Newell claimed that the civil service commission failed to comply with R.C. 121.22 in relation to its decisions regarding the examination process. After the parties filed evidence and briefs, the court of appeals denied the writ.

{¶ 5} This cause is now before the court upon Newell's appeal as of right.

### Quo Warranto: Newell's Claim to the Office of Fire Chief

{¶ 6} For a writ of quo warranto to issue, "a relator must establish (1) that the office is being unlawfully held and exercised by respondent, and (2) that relator is entitled to the office." *State ex rel. Paluf v. Feneli* (1994), 69 Ohio St.3d 138, 141, 630 N.E.2d 708. A person other than the attorney general or a prosecuting attorney can bring a quo warranto action, as a private citizen, only when the person is personally claiming title to a public office. *State ex rel. Hawthorn v. Russell,* 107 Ohio St.3d 269, 2005-Ohio-6431, 838 N.E.2d 666, ¶ 6.

{¶ 7} Although Newell does claim that she should be appointed fire chief, she did not establish her entitlement to be fire chief. She did not pass the promotional examination, and there was no list naming eligible candidates. Therefore, Newell was not entitled to the writ of quo warranto to compel her appointment to the office of fire chief.

### Quo Warranto: Newell's Claim that Reed Should Be Ousted

{¶ 8} Newell's failure to establish her entitlement to be appointed fire chief did not preclude a writ of quo warranto. "If a relator in a *quo warranto* proceeding fails to establish entitlement to the office, judgment may still be rendered on the issue of whether respondent lawfully holds the disputed office." *State ex rel. Myers v. Brown* (2000), 87 Ohio St.3d 545, 547, 721 N.E.2d 1053; see also *State ex rel. Ethell v. Hendricks* (1956), 165 Ohio St. 217, 226–227, 59 O.O. 298, 135 N.E.2d 362. Thus, if Newell established that Reed is unlawfully holding the office of fire chief, she would be entitled to the writ to oust him.

{¶ 9} But Newell is not entitled to the ouster of Reed from the office of fire chief. "[I]rregularities in the appointment procedure will not divest a classified government employee of his statutory rights, at least where those irregularities are the result of a mistake or dereliction of duty on the part of the civil service commission." *State ex rel. Alford v. Willoughby Civ. Serv. Comm.* (1979), 58 Ohio St.2d 221, 227–228, 12 O.O.3d 229, 390 N.E.2d 782, overruled in part on other grounds, *State ex rel. Shine v. Garofalo* (1982), 69 Ohio St.2d 253, 23 O.O.3d

251, 431 N.E.2d 680; *Lewis v. Fairborn* (1997), 124 Ohio App.3d 292, 295, 706 N.E.2d 24.

{¶ 10} More specifically, "where an appointee in the classified service has completed his probationary period, he cannot be ousted by quo warranto even though testing or grading procedures were fraudulent and efficiency credits were not counted." *State ex rel. Hanley v. Roberts* (1985), 17 Ohio St.3d 1, 6, 17 OBR 1, 476 N.E.2d 1019, fn. 7; see also *State ex rel. Polen v. Wymer* (1973), 36 Ohio St.2d 24, 65 O.O.2d 96, 302 N.E.2d 889, syllabus ("Where a candidate is certified as having the highest grade in a promotional civil service examination that was not graded in full conformity with civil service law, and where it does not appear that the candidate so certified knew of or participated in the irregular grading, he will not be replaced by one bringing an action in quo warranto who failed to take affirmative action to prevent the certification and permanent appointment").

{¶ 11} To be entitled to a writ of quo warranto to oust a good-faith appointee, a relator must take affirmative action by either filing a quo warranto action or an injunction challenging the appointment before the appointee completes the probationary period and becomes a permanent employee. See *State ex rel. Delph v. Barr* (1989), 44 Ohio St.3d 77, 80, 541 N.E.2d 59 (relator's quo warranto action filed shortly after an improper civil service appointment that violated R.C. 121.22 and before appointment became permanent constituted sufficient affirmative action to warrant consideration of merits of quo warranto claim); *Hanley,* 17 Ohio St.3d at 6, 17 OBR 1, 476 N.E.2d 1019 (filing of complaint for injunctive relief challenging improper appointment before probationary period of appointee expired was sufficient affirmative action to prevent appointment from becoming permanent and thus insulated from quo warranto); see also *Levinsky v. Lamping,* Mahoning App. No. 05 MA 71, 2005-Ohio-6924, 2005 WL 3536479, ¶ 36.

{¶ 12} The evidence is uncontroverted here that Reed is a good-faith appointee who was not aware of and did not participate in any irregularities in the civil service commission's proceedings. In addition, Newell did not take affirmative action to challenge Reed's appointment until after his probationary period had expired. R.C. 124.49 ("All promotional appointments in a fire department may be for a probationary period to be fixed by the rules of the civil service commission and not to exceed six months. No promotion shall be deemed final until the appointee has satisfactorily served his probationary period").

{¶ 13} Newell does not contest the foregoing facts. Instead, she claims that the court's precedent requiring affirmative action challenging an appointment by a relator in a quo warranto action before the appointment becomes permanent is inapplicable when the claimed irregularity involves noncompliance with R.C. 121.22.

{¶ 14} Newell's contention lacks merit. We have not held that this precedent is restricted to civil service statutory violations. See *Alford*, 58 Ohio St.2d at 227, 12 O.O.3d 229, 390 N.E.2d 782, broadly referring to "irregularities in the *appointment procedure*." (Emphasis added.) In fact, we have expressly applied the affirmative-action requirement to a quo warranto case in which the claimed irregularity involved a violation of the open-meeting provisions of R.C. 121.22. *Delph*, 44 Ohio St.3d 77, 541 N.E.2d 59.

{¶ 15} Therefore, the court of appeals properly held that Newell is not entitled to a writ of quo warranto to oust Reed from the office of fire chief, because she failed to take affirmative action to challenge the appointment before Reed's probationary period expired, after which he could be removed only for cause. R.C. 124.34. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Biddlestone, Winkelmann, Bradford & Baer, David J. Winkelmann, and William R. Biddlestone, for appellant.

Shoemaker & Howarth, L.L.P., and Kevin L. Shoemaker, for appellees.