OPINION *Page 2 
{¶ 1} Relator Mark Perkins has filed a Petition for Writ of Quo Warranto requesting he be placed in the position of police chief in the City of Mount Vernon. Respondents', Michael Merrilees, the Mount Vernon Civil Service Commission, and the City of Mount Vernon have filed an answer to the petition. The parties have filed briefs in support of their positions.
 {¶ 2} Relator raises the following argument:
 I. {¶ 3} "HAVING RECEIVED THE HIGHEST RATING ON THE PROMOTIONAL EXAMINATION FOR POLICE CHIEF, RELATOR PERKINS IS ENTITLED TO THE OFFICE OF POLICE CHIEF OF THE CITY OF MOUNT VERNON, OHIO THAT IS BEING UNLAWFULLY HELD AND EXERCISED BY RESPONDENT MICHAEL MERRILEES."
 {¶ 4} The position of police chief became vacant in June 2006. A promotional examination was given in August 2006 to eligible members of the police department. The only eligible members for the August 2006 exam were those holding the rank of Captain or Sergeant. None of those taking this test received a passing score of 70% or more.
 {¶ 5} A second test was scheduled. The list of those eligible to take the test was expanded to include Captains, Sergeants, and Corporals. Relator, Mark Perkins, received a score of 96.82, and Respondent, Michael Merrilees, received a score of 93.5. When the second test was administered, Perkins was a Corporal, and Merrilees *Page 3 
was a Captain. On November 13, 2006, Respondent was certified by the Mount Vernon Civil Service Commission as Police Chief.
 I. {¶ 6} Respondent avers Relator is not entitled to any relief under his Petition for Writ of Quo Warranto because Relator failed to take affirmative action to oust Respondent. We agree and find this issue to be dispositive of the Petition.
 {¶ 7} To prevail completely in a quo warranto action, a relator must establish: (1) that the office is being unlawfully held and exercised by respondent, and (2) that relator is entitled to the office. State exrel. Myers v. Brown, 87 Ohio St.3d 545, 721 N.E.2d 1053. Further, there is an additional requirement when a relator seeks to oust a good faith appointee which requires the one seeking ouster to take affirmative action to oust the respondent prior to the expiration of the appointee's probationary period. State ex rel. Polen v. Wymer (1973),36 Ohio St.2d 24.
 {¶ 8} Relator suggests the petition was filed within the applicable three-year statute of limitations pursuant to R.C. 2733.35; therefore, the petition was timely. While the petition in the instant case certainly complied with the statute of limitations, Relator failed to comply with the affirmative action requirement. Had Relator taken affirmative action, Relator could have filed the petition during the three-year statute of limitations.
 {¶ 9} In State ex rel. Levinsky v. Lamping, the Seventh District Court analyzed the evolution of the affirmative action requirement stating:
 {¶ 10} "[I]t can be concluded that in order to secure one's right to relief under quo warranto that an affirmative action must be taken in order to oust a good faith appointee. Polen, 36 Ohio St.2d 24,302 N.E.2d 889. This affirmative action could occur *Page 4 
either by filing a quo warranto action after the improper civil service appointment, but before the good faith appointee completes his probationary period (before permanent appointment). Delph,44 Ohio St.3d 77, 541 N.E.2d 59. Or the affirmative action could occur by seeking an injunction to prevent the good faith appointee's permanent placement and then filing a quo warranto during the pendency of the injunction.Hartley, 17 Ohio St.3d 1, 476 N.E.2d 1019." Levinsky v. Lamping,2005 WL 3536479, 5 (Ohio App. 7 Dist.) citing State ex rel. Delph v. Barr
(1989), 44 Ohio St.3d 77, 541 N.E.2d 59, State ex rel. Hartley v.Roberts (1985), 17 Ohio St.3d 1, 476 N.E.2d 1019, and State ex rel.Polen v. Wymer (1973), 36 Ohio St.2d 24.
 {¶ 11} Relator did not file a quo warranto action nor request an injunction prior to the expiration of Respondent's probationary period. Relator suggests he took affirmative action by filing an appeal with the Civil Service Commission, however, the Supreme Court has held this to be insufficient. In Polen, the Court stated, "It was not that the litigation could create a cloud over respondent's title to the office nor was it [respondent's] duty to take affirmative action. Rather, it was the relator's duty to seek appropriate relief to prevent respondent from further securing his claim to the office, by such means as enjoining the certification and the appointment or obtaining a stay of the proceedings pending the outcome of the appeals." Polen at 891.
 {¶ 12} Based upon Relator's failure to meet the affirmative action requirement, the Court denies the Petition for Writ of Quo Warranto.
 {¶ 13} PETITION DENIED. *Page 5 
 {¶ 14} COSTS TO RELATOR.
 Delaney, J. Wise, P.J. and Edwards, J. concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Relator's Writ of Quo Warranto is hereby denied. Costs taxed to Relator. *Page 1