Pfeifer, J.,
dissenting.
{¶ 45} As the majority relates, to be entitled to the writ of quo warranto, the relator must establish that the office is being unlawfully held and exercised by respondent and that relator is entitled to the office. State ex rel. Newell v. Jackson, 118 Ohio St.3d 138, 2008-Ohio-1965, 886 N.E.2d 846, ¶ 6. The relator and the majority spend much of their time addressing the second requirement, but precious little on the first. Zeigler may well have a cause of action against his county commissioners. But that is not Zumbar’s fight. Zeigler alleges nothing in Zumbar’s qualifications or in the mechanics of the election that would make Zumbar’s holding of the office unlawful.
{¶ 46} The focus of a quo warranto case needs to be the officeholder, not the former officeholder. In State ex rel. Hoel v. Brown (1922), 105 Ohio St. 479, 138 N.E. 230, the star case relied upon by the majority, the county prosecutor sought a writ of quo warranto to force the removal of the county treasurer who had been ordered removed by the county commissioners. That treasurer refused to leave office. This court found that G.C. 2713 could not provide the authority to oust him, because it was unconstitutional. Surely in this case, had Zeigler not agreed to leave office, the county could have brought a quo warranto case against him, and this court may well have held that R.C. 321.38 could not provide the authority to remove Zeigler from office. But that is not this case.
{¶ 47} Zeigler left his office, creating a vacancy. Zeigler did not attempt to prohibit the election from occurring that would provide his permanent replacement. He does not allege any impropriety in the nomination of Zumbar, nor in the election itself. He does not allege that Zumbar is somehow deficient in his qualification for office.
{¶ 48} Zumbar lawfully holds office. Whether Zeigler was improperly removed from office is a matter between him and the county commissioners. It is not something solvable by a writ of quo warranto. The world has moved on.
O’Donnell, J., concurs in the foregoing opinion.
*250 Wickens, Herzer, Panza, Cook & Batista Co., Matthew W. Nakon, Joseph E. Cirigliano, and Amy L. DeLuca, for relator.
John D. Ferrero, Stark County Prosecuting Attorney, and Ross A. Rhodes and Kathleen O. Tatarsky, Assistant Prosecuting Attorneys, for respondent.