[Cite as *State ex rel. Vandenbos v. Xenia*, 2015-Ohio-35.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

STATE OF OHIO, ex rel.,
DARYL VANDENBOS

     *Relator*

v.

CITY OF XENIA, et al.

     *Respondents*


Appellate Case No.    14-CA-14

---

**DECISION AND FINAL JUDGMENT ENTRY**
January 9, 2015

---

PER CURIAM:

**{¶ 1}** Relator, Daryl Vandenbos, filed this original action against Respondents, the City of Xenia and Tommy Norris, on April 11, 2014. Vandenbos, a Xenia firefighter, seeks a writ of quo warranto declaring that he, and not Norris, is entitled to the position of Lieutenant with the Xenia Fire Department, and ordering the City of Xenia Civil Service Commission ("CSC") to change Vandenbos's eligibility ranking and appoint him Fire Lieutenant.

**{¶ 2}** This dispute arose from differing interpretations of Xenia's civil service rules concerning the manner in which Vandenbos's seniority as a firefighter was calculated. Vandenbos contends he is entitled to additional credit for previous employment with Xenia; Xenia contends he is not. Xenia's seniority calculation resulted in Norris, and not Vandenbos, being appointed Fire Lieutenant. Vandenbos challenges that appointment. The matter is currently before this court on Xenia and Norris's motion for judgment on the pleadings.

**Facts**

**{¶ 3}** Xenia hired Vandenbos as a firefighter on December 18, 1994. On May 17, 2001, Vandenbos voluntarily resigned, effective June 1, 2001. Xenia hired Vandenbos as a firefighter/paramedic on May 23, 2002.

**{¶ 4}** In 2012, Vandenbos, Norris, and others applied for the position of Fire Lieutenant. On May 14, 2012, Xenia issued a promotional eligibility list, ranking Norris first and Vandenbos fourth. One of the factors considered was the applicants' seniority. Vandenbos's seniority calculation included only his employment since May 23, 2002, and not his previous employment from December 18, 1994 to June 1, 2001. Vandenbos asserts that had Xenia included his previous employment period, he would have ranked first on the eligibility list.

**{¶ 5}** On June 13, 2012, Xenia promoted Norris to Fire Lieutenant on a probationary basis. The complaint states that he was permanently promoted to Fire Lieutenant on June 12, 2013.

**Procedural History**

**{¶ 6}** Shortly after Xenia issued the eligibility list, Vandenbos appealed to the Xenia CSC. The CSC held a hearing on June 11, 2012, and upheld Xenia's calculation of Vandenbos's seniority points. Vandenbos filed an administrative appeal against the CSC in the Greene County Court of Common Pleas on July 19, 2012. On April 30, 2013, a Magistrate's Decision reversed the CSC's

determination and found that Vandenbos was entitled to the additional seniority points, effectively placing him first on the eligibility list. The parties filed objections and responses.

**{¶ 7}** While the objections were pending, the CSC filed a motion to dismiss the administrative appeal. The CSC argued that the Common Pleas Court lacked subject matter jurisdiction and that a quo warranto action was the exclusive manner in which Vandenbos could seek the Fire Lieutenant position. The court agreed, and on December 13, 2013, dismissed the case. Vandenbos appealed to this court, but on March 13, 2014, the appeal was dismissed.

**{¶ 8}** Vandenbos filed the instant quo warranto action on April 11, 2014. Xenia and Norris answered on May 14, 2014. On June 3, 2014, Xenia and Norris filed the motion for judgment on the pleadings currently before the court. Vandenbos filed a memorandum in opposition; Xenia and Norris filed a reply. The matter is ripe for decision.

### Legal Standards

#### Quo Warranto

**{¶ 9}** An action in quo warranto "is the exclusive remedy by which one's right to hold a public office may be litigated." *State ex rel. Johnson v. Richardson*, 131 Ohio St.3d 120, 2012-Ohio-57, 961 N.E.2d 187, ¶ 15. Assuming, as the parties do, that the fire lieutenant position is a public office, to succeed in quo warranto Vandenbos must establish " '(1) that the office is being unlawfully held and exercised by respondent, and (2) that relator is entitled to the office.' " *State ex rel. Newell v. Jackson*, 118 Ohio St.3d 138, 2008-Ohio-1965, 886 N.E.2d 846, ¶ 6, quoting *State ex rel. Paluf v. Feneli*, 69 Ohio St.3d 138, 141, 630 N.E.2d 708 (1994). In addition, to "oust a good-faith appointee, a relator must take affirmative action by either filing a quo warranto action or an injunction challenging the appointment before the appointee completes the probationary period and becomes a permanent employee." *Newell* at ¶ 11.

### Judgment on the Pleadings

**{¶ 10}** Quo warranto actions "ordinarily proceed as civil actions under the Ohio Rules of Civil Procedure." Loc. App.R. 8(A). Pursuant to Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

**{¶ 11}** Dismissal under Civ.R. 12(C) "is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 1996-Ohio-459, 664 N.E.2d 931, citing *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99, 616 N.E.2d 519 (8th Dist.1992). "Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *Pontious* at 570.

### **Analysis**

### Evidence Properly Before This Court

**{¶ 12}** This court considers the allegations in the complaint and the answer when deciding a motion for judgment on the pleadings. *Pontious* at 569. Pleadings are defined by rule as a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, and a third-party answer. Civ.R. 7(A). In this case, the record contains a verified complaint and an answer.

**{¶ 13}** Civ.R. 10(C) provides that a "copy of any written instrument attached to a pleading is a part of the pleading for all purposes." This court has not construed "written instrument" to mean any document attached to a pleading. Rather,

the term "written instrument" in Civ.R. 10(C) has primarily been interpreted to

include documents that evidence the parties' rights and obligations, such as negotiable instruments, "insurance policies, leases, deeds, promissory notes, and contracts." 1 Klein & Darling, Baldwin's Ohio Practice (2004), 744-45. We conclude that a trial court's opinion in another matter is not the sort of written instrument proper for designation as "a part of the pleading" in the context of a motion for judgment on the pleadings.

*Inskeep v. Burton*, 2d Dist. Champaign No. 2007CA11, 2008-Ohio-1982, ¶ 17. *But see Toman v. Humility of Mary Health Partners*, 7th Dist. Mahoning No. 13MA105, 2014-Ohio-4417, ¶ 9 (considering "any documents attached to those pleadings").

**{¶ 14}** Here, Xenia and Norris have attached a number of documents to their answer, several of which are orders and opinions filed in the previous matters. We do not consider those opinions and orders. *See Inskeep*. Similarly, we do not consider pleadings filed in those other actions. We further conclude that the remaining attachments (excerpts of civil service rules, civil service meeting notes and transcript, and a memorandum concerning Xenia's position on Vandenbos's seniority credit) are more like a trial court's opinion than a negotiable instrument, insurance policy, deed, or contract, and likewise not the sort of written instrument proper for designation as "part of the pleading" under *Inskeep*. Thus, we consider the allegations contained in the verified complaint and the answer in deciding Respondents' motion for judgment on the pleadings.

<u>Respondents' Arguments</u>

**{¶ 15}** Respondents move for judgment on three grounds. First, they assert that Vandenbos failed to take timely affirmative action to oust Norris, a good faith appointee, as Fire Lieutenant. Second, they assert that laches bars Vandenbos's claim. Third and alternatively, they assert that

Vandenbos cannot show a clear legal right to the fire lieutenant position. Because it is dispositive, we address only the first argument.

### *Affirmative Action to Oust a Good Faith Appointee*

**{¶ 16}** The parties do not dispute that Norris is a good faith appointee and that Vandenbos must have taken affirmative action to oust Norris before his probationary period ended and he became a permanent employee. *See State ex rel. Newell v. Jackson*, 118 Ohio St.3d 138, 2008-Ohio-1965, 886 N.E.2d 846, ¶ 11 (2008). The parties disagree about the date Norris completed his probationary period and became a permanent employee. They also disagree about what actions constitute sufficient "affirmative action" to oust a good faith appointee.

**{¶ 17}** In their answer, Respondents asserted that Norris was appointed Fire Lieutenant on a probationary basis on June 13, 2012. Vandenbos asserted in his verified complaint that "Norris was permanently promoted to Fire Lieutenant on June 12, 2013, and continues to hold that position." In his response to the motion for judgment on the pleadings, Vandenbos questions whether the promotion date is sufficiently established in the record. Respondents counter that Vandenbos's allegation in the verified complaint that Norris was permanently promoted on that date sufficiently establishes the date. Respondents also assert that Norris's probationary period could not extend beyond one year by operation of law.

**{¶ 18}** When considering a motion for judgment on the pleadings, this court must take as true the allegations in the complaint. *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581, 2001-Ohio-1287, 752 N.E.2d 267, 274 ("the trial court is required to construe as true all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party"). Here, Vandenbos, as the non-moving party, alleged that Norris was permanently promoted to Fire Lieutenant on June 12, 2013. Respondents admitted this allegation

in their Answer. For purposes of this motion, we find that the permanent promotion date of June 12, 2013 is established in the pleadings.

{¶ 19} Prior to June 12, 2013, Vandenbos raised Norris's lack of entitlement to the fire lieutenant position in two ways. He appealed to the Xenia CSC on May 16, 2012, and, being unsuccessful, filed an administrative appeal of that decision to the Greene County Court of Common Pleas on July 19, 2012. This quo warranto action was filed after the June 12, 2013 promotion date.

{¶ 20} The Ohio Supreme Court has held that the required affirmative action can take one of two forms: "a relator must take affirmative action by either filing a quo warranto action or an injunction challenging the appointment before the appointee completes the probationary period and becomes a permanent employee." *State ex rel. Newell v. Jackson*, 118 Ohio St.3d 138, 2008-Ohio-1965, 886 N.E.2d 846 ¶ 11 (2008). These are the only two types of affirmative action indicated in caselaw.

{¶ 21} Vandenbos argues that the substance of his appeal to the Greene County Court of Common Pleas, although not styled as a request for injunctive relief, was in essence such a request. He notes that he asked that court " 'to reverse and disaffirm the decision of the City of Xenia Civil Service Commission and order the City to recalculate the seniority upon which the promotional examination eligibility was based. The result of such an order from this Court *would be that Appellant would be entitled to a promotion to the position of Fire Lieutenant.*' " (Emphasis in original) (citing September 17, 2012 Brief of Appellant in the previous appeal, at 5). Vandenbos reasons that such an order would necessarily have excluded Norris from the position.

{¶ 22} We do not accept this argument for several reasons. First, Vandenbos relies on evidence not properly before this court. The brief he cites is not attached to the pleadings, and

could not be properly considered on a Civ.R. 12(C) motion. *Inskeep v. Burton*, 2d Dist. Champaign No. 2007CA11, 2008-Ohio-1982, ¶ 17.

{¶ 23} Second, even if we considered Vandenbos's brief, we do not equate an administrative appellate brief's request for recalculation of seniority points with a request for injunctive relief to oust Norris from his position. Vandenbos asserts that he asked the Common Pleas Court to order the CSC to recalculate his seniority points, but he does not allege he asked the court to issue an order ousting Norris. Although it is not necessary to cite Civ.R. 65 or use any magic words, seeking relief vis-à-vis the Civil Service Commission is not the same as seeking an injunction to oust Norris. *See Levinsky v. Lamping,* 7th Dist. Mahoning No. 05MA71, 2005-Ohio-6924, ¶ 39.

{¶ 24} In *Levinsky*, an analogous case, the relator had previously sought injunctive relief, but as against parties other than the appointee he claimed wrongfully held the position. *Id*. The court held that even this request for injunctive relief was insufficient; Levinsky must have specifically filed for "an injunction to oust Lamping or an injunction preventing Lamping from obtaining a permanent appointment." *Id*. at ¶ 39. Vandenbos's actions here are one step removed from those found insufficient in *Levinsky*. We conclude that the discussion in his previous appellate brief is insufficient to constitute affirmative action.

{¶ 25} Moreover, the Ohio Supreme Court has held that the same two actions Vandenbos took here – an appeal to the CSC, and further appeal to the Common Pleas Court – were insufficient to constitute affirmative action. *State ex rel. Polen v. Wymer*, 36 Ohio St.2d 24, 302 N.E.2d 889 (1973); *see also State ex rel. Perkins v. Merrilees*, 5th Dist. Knox No. 07-CA-6, 2008-Ohio-2942, ¶ 11 ("Relator suggests he took affirmative action by filing an appeal with the Civil Service Commission, however, the Supreme Court has held this to be insufficient."). Vandenbos argues

those cases are distinguishable because the courts failed to analyze the steps the relators asked the reviewing bodies to take.

**{¶ 26}** We agree that *Polen* and *Perkins* summarily rejected the civil service and administrative appeals as affirmative action without addressing the particular relief requested therein. We must, however, conduct the same categorical analysis. We hold that Vandenbos's civil service appeal and further administrative appeal do not satisfy the requirement that Vandenbos take affirmative action by filing for an injunction or writ of quo warranto to oust Norris before his promotion became permanent on June 12, 2013.

**{¶ 27}** This finding is dispositive of Vandenbos's complaint for quo warranto. *Perkins* at ¶ 6. We do not reach the remaining arguments.

**Conclusion**

**{¶ 28}** Because Vandenbos failed to take timely affirmative action to oust Norris, he cannot succeed in his action for a writ of quo warranto. The City of Xenia and Norris are entitled to judgment as a matter of law. We SUSTAIN Respondents' Motion for Judgment on the Pleadings. The Verified Complaint in Quo Warranto is DENIED.

SO ORDERED.

JEFFREY E. FROELICH, Presiding Judge

MICHAEL T. HALL, Judge

_____
JEFFREY M. WELBAUM, Judge


To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).


_____
JEFFREY E. FROELICH, Presiding Judge


Copies to:

Jeffrey M. Silverstein                    Lynnette Dinkler
Attorney for Relator                      Jamey T. Pregon
One Elizabeth Place, Suite 220            Attorneys for Respondents
Dayton, Ohio   45417                      5335 Far Hills Avenue, Suite 123
                                          Dayton, Ohio   45429


CA3/KY