[Cite as *Bierly v. Kettering Health Network*, 2024-Ohio-3326.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| LAURA BIERLY et al. | : | |
| | : | |
| Appellants | : | C.A. No. 30043 |
| | : | |
| v. | : | Trial Court Case No. 2023 CV 04511 |
| | : | |
| KETTERING HEALTH NETWORK et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellees | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on August 30, 2024

. . . . . . . . . .

PATRICK K. ADKINSON, Attorney for Appellant

JAMES P. FLEISHER, HOWARD P. KISHER, JAREN A. HARDESTY, JOEL L. PESCHKE, & ANDREW B. CRANE, Attorneys for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Laura and Bud Bierly appeal from the trial court's judgment granting motions for judgment on the pleadings on Laura's foreign body medical claim and Bud's loss of consortium claim; one motion was filed by Kettering Health Network, Kettering Medical

Center, and Kettering Memorial Hospital (collectively, "KMC"), and the other was filed by Drs. Najwa Tabrah and Arthur Altman ("the doctors"). Because the Bierlys failed to commence their causes of action within the one-year extended limitations period set forth in R.C. 2305.113(D)(2), their claims were barred by the statute of repose. We reject their argument that the statute of repose violates the right to remedy provision in the Ohio Constitution. The judgment of the trial court is affirmed.

**Procedural History**

{¶ 2} This matter involves the application of R.C. 2305.113, which governs time limitations for bringing medical claims. R.C. 2305.113(A) sets forth a one-year statute of limitations for such claims, and R.C. 2305.113(B) provides for an extension of 180 days upon timely written notice. R.C. 2305.113(C) sets forth a statute of repose for a period of four years, and R.C. 2305.113(D)(2) provides an extension of that period in some circumstances in which a foreign object has been left in the body of the person making the claim.

{¶ 3} On August 24, 2023, the Bierlys filed a complaint against KMC and the doctors, alleging that Laura Bierly had received medical care that resulted in "the improper retention of a large foreign body, *i.e.* – a lap sponge" in her body, which had resulted from negligence and had caused physical, psychological and emotional injury. According to the complaint, the doctors had performed cesarean sections on Laura in 1984 and 1987, and she had discovered the presence of the lap sponge in March 2022. After discovery of the foreign object, the Bierlys had sent " '180-day' letters" to KMC and the doctors by certified mail pursuant to R.C. 2305.113(B) to give notice that they were considering

litigation against them.

{¶ 4} On September 27, 2023, KMC filed a motion for judgment on the pleadings, arguing that the complaint had not been filed within the one year provided by R.C. 2305.113(D)(2). According to KMC, the medical negligence claims were barred by the statute of repose. Citing R.C. 2305.113(B)(1), KMC argued that the "180-day letters" did not extend the statute of repose; they only applied to the statute of limitations. KMC argued that, because Laura's medical negligence claims failed as a matter of law, Bud's loss of consortium claim necessarily also failed.

{¶ 5} On October 4, 2023, the doctors filed a motion for judgment on the pleadings; they argued that the Bierlys had not filed suit within one year of discovering the lap sponge, and neither the statute of repose nor the foreign body limitations provision of R.C. 2305.113(D)(2) could be extended by a 180-day letter.

{¶ 6} On October 11, 2023, the Bierlys responded to the motions for judgment on the pleadings, arguing that the statute of limitations had not expired when they filed their complaint and that "no statute of repose can act to nullify filing a Complaint within the statute of limitations." According to the Bierlys, the defendants' arguments would "eviscerate" a foreign body case "one year after discovery, and without regard to the case having been filed in accordance with the statute of limitations." They argued that a statute of repose nullifying a case timely filed within the applicable statute of limitations would violate the "right to remedy" provision of Section 16, Article I, of the Ohio Constitution. Referring to R.C. 2305.113, the Bierlys asserted that nothing in the language of subsection (D)(2) "altered the fact that timely notices under . . . (B)(1) extend

the statute of limitations by 180 days."

{¶ 7} On October 17, 2023, KMC filed a reply in support of the motion for judgment on the pleadings, arguing that the 180-day extension of time did not apply to the statute of repose and that the Bierlys had failed to file suit within one year after Laura's discovery of the sponge in March of 2022. KMC also argued that R.C. 2721.12, which governs declaratory relief, had required the Bierlys to seek a declaratory judgment and to serve the Ohio Attorney General in order to argue that R.C. 2305.113(C) is unconstitutional, which they had failed to do. According to KMC, "the General Assembly had a rational basis for giving foreign body plaintiffs one additional year to sue under the statute of repose, and [Laura] has failed to prove the statute unconstitutional beyond a reasonable doubt."

{¶ 8} On October 18, 2023, the doctors filed a reply brief in support of their motion for judgment on the pleadings. They argued that the Bierlys' claims were "completely time-barred by the absolute-bar of Ohio's statute of repose"; they also incorporated KMC's arguments set forth above. According to the doctors, the statute of limitations and any extensions thereunder were irrelevant, and the 180-day letter provision was irrelevant to the statute of repose.

{¶ 9} The same day, the Bierlys filed a motion to file a sur-reply to the motion for judgment on the pleadings, arguing that R.C. 2721.12 did not apply. KMC responded to the Bierlys' motion to file a sur-reply, arguing that any attempt to declare a statute unconstitutional is a declaratory action by its very nature, and R.C. 2721.12 applied. The trial court later indicated its acceptance of the Bierlys' sur-reply.

{¶ 10} On January 12, 2024, the trial court entered judgment on the pleadings in favor of KMC and the doctors. The court found that the sole issue presented to the court was a question of law: whether Laura Bierly's medical claims were time-barred pursuant to the statute of repose set forth in R.C. 2305.113(C) & (D)(2). The court found that the Bierlys misunderstood and/or misconstrued the interplay between the statute of repose and the statute of limitations, concluding that "whether a claim is filed within the applicable statute of limitations has absolutely no bearing on whether such a claim is barred by the statute of repose." The court reasoned that, given Laura's discovery of the lap sponge in March 2022, she had been required to assert her medical negligence claims no later than March 2023 pursuant to R.C. 2305.113(D)(2). But she did not file her complaint until August 2023, after the one-year extension of the repose period had expired. The court further found that the 180-day letter provision of R.C. 2305.113(B) was not applicable to and did not extend the statute of repose set forth in R.C. 2305.113(C) or the additional one-year extension for foreign object claims set forth in R.C. 2305.113(D)(2).

{¶ 11} The court further found that the Bierlys had failed to present clear and convincing evidence that the statute of repose provisions enumerated in R.C. 2305.113(C) and (D)(2) were unconstitutional as applied. The court found that R.C. 2305.113(C) and (D) applied to Bud Bierly's's derivative claim for loss of consortium as well as the medical negligence claims.

### Assignments of Error and Arguments

{¶ 12} The Bierlys raise three assignments of error on appeal, which we will consider together. First, the Bierlys argue that "it is incontrovertible that they complied

with the statute of limitations" in filing their complaint and that R.C. 2305.113(D)(2) was "never intended to supplant" the statute of limitations set forth in R.C. 2305.113(A) and (B)(1). They argue that "the statute of limitations (with a discovery rule accrual date) and retained foreign body exclusion run simultaneously for a year," and that the statute of limitations "can extend further, liberally construing these two provisions to promote decisions on the merits." Second, the Bierlys contend that the "180-day provision . . . extend[ed] the statute of limitations" such that, when "the foreign body 'statute of repose' expired, the statute of limitations continued to run"; the statute of repose and the retained foreign body provision were intended to and should not be interpreted as "annulling a pending statute of limitations or any portion thereof," because doing would violate Article I, Section 16 of the Ohio Constitution. Third, the Bierlys argue that, under the trial court's interpretation, 180-day letters pursuant to R.C. 2305.113(B)(1) "are a futile act."

{¶ 13} KMC responds that the Bierlys' complaint "was not filed and did not remain pending *before* the expiration of the repose period," which ended in March 2023; thus, their claims were time-barred by the statute of repose. Also, according to KMC, the delivery of 180-day letters "is simply not a listed exception to the foreign body plaintiff exception to the statute of repose." As to the constitutionality of the statute, KMC asserts that there is a rational basis for providing foreign body plaintiffs a one-year exception under the statute of repose, and the statute is constitutional.

{¶ 14} The doctors respond that the statutes of repose and limitations serve distinct purposes and have distinct applications. They assert that the expiration of the statute of repose is an absolute bar to a medical claim, and a statute of repose can

extinguish a running statute of limitations if the medical claim is not filed within the timeframes set forth in R.C. 2305.113(C) and (D). According to the doctors, the "plain language of R.C. 2305.113(D)(2) confirms that the statute of repose expired on [the Bierlys'] claims prior to the filing of their Complaint," and the plain language of R.C. 2305.113(B) establishes that it only applies to the statute of limitations. The doctors argue that this matter presents the exact situation the General Assembly was seeking to prevent – in which doctors are forced to defend themselves against a claim of medical negligence that happened long ago. Finally, the doctors argue that R.C. 2305.113(D)(2) is a constitutional limitation on the Bierlys' right to a remedy, in spite of the fact that is extinguishes a cause of action.

## Standard of Review

{¶ 15} Judgment on the pleadings " 'is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the [moving party] could prove no set of facts in support of [its] claim that would entitle [it] to relief.' " *Sherrod v. Haller*, 2017-Ohio-5614, ¶ 6 (2d Dist.), quoting *State ex rel. Vandenbos v. City of Xenia*, 2015-Ohio-35, ¶ 11, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). Determination of a motion for judgment on the pleadings " 'is restricted solely to the allegations in the pleadings and any [attached] writings.' " *Id.*, citing Civ.R. 10(C); and *Portfolio Recovery Assocs., LLC v. VanLeeuwen*, 2016-Ohio-2962, ¶ 7 (2d Dist.). Thus, " 'Civ.R. 12(C) requires a determination that no material factual issues exist and [a finding] that the movant is entitled to judgment as a

matter of law.' " *Id.*, citing *Vandenbos* at ¶ 11. A motion for judgment on the pleadings pursuant to Civ.R. 12(C) presents only questions of law, and the appellate standard of review is de novo. *Id.*, citing *Portfolio Recovery Assocs.* at ¶ 5.

## Time Limitations for Bringing Medical Claims

{¶ 16} "Statutes of limitations and statutes of repose share a common goal of limiting the time during which a putative wrongdoer must be prepared to defend against a claim, but they operate differently and have distinct applications." *Wilson v. Durrani*, 2020-Ohio-6827, ¶ 8, citing *Antoon v. Cleveland Clinic Found.*, 2016-Ohio-7432, ¶ 11, citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 7 (2014). "Statutes of limitations and statutes of repose target different actors." *Wilson* at ¶ 10, citing *CTS Corp.* at 8. "Statutes of limitations emphasize plaintiffs' duty to diligently prosecute known claims." *Id.,* citing *Black's Law Dictionary* (9th Ed.2009). "Statutes of repose, on the other hand, emphasize defendant's entitlement to be free from liability after a legislatively determined time." *Id.,* citing *CTS Corp.* at 9. In other words, the purpose of a statute of repose is "to create a bar on a defendant's temporal liability." *Id.* at ¶ 29. "In light of those differences, statutory schemes commonly pair a shorter statute of limitations with a longer statute of repose." *Id.* at ¶ 10*,* citing *California Pub. Emps.' Retirement Sys. v. ANZ Sec., Inc.,* 582 U.S. 497, 506 (2017). "When the discovery rule . . . governs the running of the statute of limitations, the 'discovery rule gives leeway to a plaintiff who has not yet learned of a violation, while the rule of repose protects the defendant from an interminable threat of liability.' " *Id.,* quoting *ANZ Sec. Inc.* at 506.

{¶ 17} R.C. 2305.113(A) sets forth the statute of limitations for medical claims in

Ohio:

(A) Except as otherwise provided in this section, an action upon a medical . . . claim shall be commenced within one year after the cause of action accrued.

(B)(1) If prior to the expiration of the one-year period specified in division (A) of this section, a claimant who allegedly possesses a medical . . . claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.

{¶ 18} "A claim for medical malpractice accrues, and the one-year statute of limitations begins to run, ' "(a) when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship terminates, whichever occurs later." ' " *Wilson* at ¶ 14, quoting *Frysinger v. Leach*, 32 Ohio St.3d 38, 41-42 (1987). R.C. 2305.113(B)(1) provides an exception to R.C. 2305.113(A) by allowing claimants to extend the one-year statute of limitations for an additional 180 days from the time notice of intent to sue is given to potential defendants. *See Marshall v. Ortega,* 87 Ohio St.3d 522, 523 (2000). By its plain language, R.C. 2305.113(B)(1) applies to "the one-year period specified in division (A)" of R.C. 2305.113. *See Shade v. Bleser*, 2005-Ohio-6544, ¶ 24 (2d Dist.) (because a medical malpractice action was filed more than one year after the anniversary of decedent's death, the action was timely only if plaintiff sent a 180-day notice letter to the

defendants prior to the expiration of the statute of limitations and if the action was filed within 180 days of the provision of that notice).

{¶ 19} "The medical negligence statute of repose was enacted by the General Assembly in 1975 as an alleged 'emergency measure,' in a 'legislative "response to what was largely perceived throughout the country to be a medical negligence 'crisis' manifested by sharply increased medical malpractice insurance premiums, cancellation of policies, and physician work slowdowns." ' " *Bugh v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-112, ¶ 21 (10th Dist.). R.C. 2305.113 sets forth the statute of repose for medical claims and provides:

> (C) Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:
>
> (1) No action upon a medical . . . claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical . . . claim.
>
> (2) If an action upon a medical . . . claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical . . . claim, then, any action upon that claim is barred.

{¶ 20} "Unlike the statute of limitations in a medical negligence case, which begins to run when the plaintiff discovers or should have discovered an injury, the statute of repose bars ' "any suit that is brought after a specified time since the defendant acted . . . even if this period ends before the plaintiff has suffered a resulting injury." ' " *Taylor-*

*Jones v Kettering Med. Ctr.*, 2021-Ohio-738, ¶ 17 (2d Dist.), quoting *Antoon,* 2016-Ohio-7432*,* at ¶ 11.   "The 'plain language of the statute is clear, unambiguous, and means what it says.   If a lawsuit bringing a medical . . . claim is not commenced within four years after the occurrence of the act or omission constituting the basis for the claim, then any action on that claim is barred.' "   *Id.,* quoting *Antoon* at ¶ 23.

{¶ 21} "[E]xceptions to a statute of repose require 'a particular indication that the legislature did not intend the statute to provide complete repose but instead anticipated the extension of the statutory period under certain circumstances,' as when the statute of repose itself contains an express exception."   (Citation omitted.)   *Wilson,* 2020-Ohio-6827, at ¶ 29.   "Except for minors or those of unsound mind, a person must file a medical claim no later than four years after the alleged act of malpractice occurs or the claim will be barred.    Limited exceptions also exist for malpractice discovered during the fourth year after treatment and for malpractice that leaves a foreign object in a patient's body." *Ruther v. Kaiser*, 2012-Ohio-5686*,* ¶ 2.   "Those exceptions allow one additional year after discovery of an injury to file suit."   *Id.*

{¶ 22} R.C. 2305.113(D) expressly extends the four-year period of repose as follows:

(D)(1) If a person making a medical claim . . . in the exercise of reasonable care and diligence, could not have discovered the injury resulting from the act or omission constituting the alleged basis of the claim within three years after the occurrence of the act or omission, but, in the exercise of reasonable care and diligence, discovers the injury resulting from that act

or omission before the expiration of the four-year period specified in division (C)(1) of this section, the person may commence an action upon the claim not later than one year after the person discovers the injury resulting from that act or omission.

(2) If the alleged basis of a medical claim . . . is the occurrence of an act or omission that involves a foreign object that is left in the body of the person making the claim, the person may commence an action upon the claim not later than one year after the person discovered the foreign object or not later than one year after the person, with reasonable care and diligence, should have discovered the foreign object.

{¶ 23} *Wilson* held that "R.C. 2305.113(C) is a true statute of repose that, except as expressly stated in R.C. 2305.113(C) and (D), clearly and unambiguously precludes the commencement of a medical claim more than four years after the occurrence of the alleged act or omission that forms the basis of the claim." *Wilson* at ¶ 38. In *Wilson*, the trial court had entered judgment on the pleadings in favor of a doctor and certain medical facilities because the statute of repose barred the plaintiff's refiled claims that arose from surgeries performed more than four years before the claims were refiled. *Id.* at ¶ 4. The First District reversed the trial court's grant of judgment on the pleadings, holding that plaintiffs "had timely refiled their claims pursuant to the saving statute and that the statute of repose did not bar their refiled claims." *Id.* at ¶ 5.

{¶ 24} The Supreme Court conducted the following analysis regarding exceptions to a statue of repose:

The absence of an express exception in R.C. 2305.113(C) for application of the saving statute takes on additional import when we compare R.C. 2305.113(C) with R.C. 2305.10(C), which imposes a ten-year statute of repose for product-liability claims, and unlike R.C. 2305.113(C), expressly states that it applies "[e]xcept as otherwise provided in" R.C. 2305.19, the saving statute. In the same bill in which it enacted R.C. 2305.10(C), with its express inclusion of the saving statute, the General Assembly also enacted R.C. 2305.131, which created a statute of repose for premises-liability and construction-defect claims. Am.Sub.S.B. No. 80, 150 Ohio Laws, Part V, 7915, 7937-7938. The General Assembly did not include the saving statute as an express exception to application of the premises-liability and construction-defect statute of repose. Nor did it take the opportunity to incorporate the saving statute as an express exception to the medical statute of repose, even though it made other minor amendments to R.C. 2305.113 in that bill. *Id.* at 7933, 7936-7937. The "General Assembly's use of particular language to modify one part of a statute but not another part demonstrates that the General Assembly knows how to make that modification and has chosen not to make that modification in the latter part of the statute." *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, 29 N.E.3d 903, ¶ 26.

Not only does the General Assembly's incorporation of the saving statute in the product-liability statute, R.C. 2305.10(C), demonstrate that the

General Assembly knew how to create an exception to a statute of repose for application of the saving statute when it intended to do so, but it also demonstrates the General Assembly's understanding that without an express indication to the contrary, the saving statute would not override the statutes of repose. Otherwise, there would have been no need for the General Assembly to have expressly included the saving statute as an exception in R.C. 2305.10(C).

*Wilson* at ¶ 30-32.

**{¶ 25}** Based upon the foregoing, we conclude that if the General Assembly had intended to make the 180-day provision applicable not only to the statute of limitations, but also to the statute of repose, it would have done so. The 180-day provision expressly applies to the "one-year period specified in division (A) of this section." We agree with the trial court that the Bierlys' claims were time-barred by the statute of repose. The alleged negligence was discovered in March 2022, meaning that the Bierlys had to file their complaint no later than March 2023. As their complaint was filed in August 2023, it was untimely and subject to an absolute bar.

### Right to Remedy

**{¶ 26}** "When the constitutionality of a statute is challenged as part of a civil action for damages, a trial court has jurisdiction to address the statute's constitutionality." *Grover v. Bartsch*, 2006-Ohio-6115, ¶ 29 (2d Dist.) R.C. 2721.12(A), which governs declaratory relief, " 'applies only when the constitutionality of a statute is raised in a declaratory judgment action and not when the issue is raised in a motion filed in an ordinary civil

action.' " *Id.*, quoting *Tonti v. Tonti*, 2004-Ohio-2529, ¶ 136 (10th Dist.) Thus, we reject KMC's claim that the Bierlys could not raise the constitutionality of the statute under the circumstances of this case.

**{¶ 27}** However, we find the Bierlys' claim that the statute of repose is unconstitutional because it denies their right to a remedy to be without merit.

Initially, we note that statutes enacted by the Ohio General Assembly are presumed to be constitutional. *State v. Melms*, 2018-Ohio-1947, 101 N.E.3d 747, ¶ 25 (2d Dist.). Thus, "before a court may declare [a statute] unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State ex rel. O'Brien v. Heimlich*, 10th Dist. Franklin No. 08AP-521, 2009-Ohio-1550, ¶ 24, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus. Because the constitutionality of a statute presents a question of law, an appellate court reviews a trial court's determination of constitutionality de novo. *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, 791 N.E.2d 1025, ¶ 11 (1st Dist.).

A review of the constitutionality of the statute of repose for medical malpractice claims "must be conducted according to the 'rational basis' test, since . . . [a medical negligence] case involves neither a fundamental right nor a suspect class." *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 58, 514 N.E.2d 709 (1987). "The rational-basis test involves a two-step

analysis. We must first identify a valid state interest. Second, we must determine whether the method or means by which the state has chosen to advance that interest is rational." *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 9, citing *Buchman v. Wayne Trace Local School Dist. Bd. of Edn.*, 73 Ohio St.3d 260, 267, 652 N.E.2d 952 (1995).   * * *

*Taylor-Jones,* 2021-Ohio-738, at ¶ 14-15 (2d Dist.).

{¶ 28} Article 1, Section 16, states: "All courts shall be open, and every person, for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."   "This one provision contains many important constitutional principles – 'open courts,' 'right to remedy,' and 'due course of law.' "   *Ruther,* 2012-Ohio-5686, at ¶ 10.   *Ruther* was concerned with the "right to remedy" principle.   *Id.* at ¶ 11.   The Supreme Court determined that a "plain reading of Article I, Section 16 reveals that it does not provide for remedies without limitation or for any perceived injury."   *Id.* at ¶ 12.   "Rather, the right-to-remedy clause provides that the court shall be open for those to seek remedy 'by *due course of law.*' "   (Emphasis in original.)   *Id.*   "Article I, Section 16 does not prevent the General Assembly from defining a cause of action."   *Id.*

{¶ 29} After noting that the "General Assembly has the right to determine what causes of action the law will recognize and to alter the common law by abolishing the action, by defining the action, or by placing a time limit after which an injury is no longer a legal injury," *Ruther* determined that R.C. 2305.113(C) was a valid exercise of the

authority to define or limit a cause of action. *Id.* at ¶ 14. The Supreme Court noted that a cause of action for malpractice accrues, or vests, "when a patient discovers or in the exercise of reasonable care and diligence should have discovered the resulting injury." *Id.* at ¶ 17, citing *Oliver v. Kaiser Community Health Found.*, 5 Ohio St.3d 111 (1983); *Hershberger v. Akron City Hosp.*, 34 Ohio St.3d 1 (1987), syllabus. Because "an injury may not manifest itself within one year of a breach of a duty of care," the General Assembly "provided the general discovery period of four years." *Ruther* at ¶ 18. R.C. 2305.113(C) "does not bar a vested cause of action, but prevents a cause of action from vesting more than four years after the breach of the duty of care." *Id.* *Antoon* clarified and expanded *Ruther,* holding that "R.C. 2305.113(C) "applies to both vested and nonvested claims. Therefore, any medical-malpractice action must be filed within four years of the occurrence of the act or omission alleged to have caused a plaintiff's injury." *Antoon,* 2016-Ohio-7432, at ¶ 1.

{¶ 30} We cannot conclude that the limitation set forth by R.C. 2305.113(C), and extended by R.C. 2305.113(D)(2), violates the right to remedy provision in the Ohio Constitution. In other words, while the right to remedy provision grants a right of access to the courts, it is not a perpetual or infinite one.

{¶ 31} Based upon the foregoing, the Bierlys' assignments errors are overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.